SAVOY, Judge.
This action was instituted by plaintiff against his employers and their insurer under the Workmen’s Compensation Act for injuries he received while in the course and scope of his employment on July 6, 1967. Defendants answered denying the occurrence of an accident; however, they paid compensation through March 2, 1969.
After a trial on the merits, the trial judge found that plaintiff was injured while in the’employ of his employers. He also determined that plaintiff had recovered from the operation by March 2, 1969, as evidenced by his discharge by his attending physician; that he could do the same type of work which he did prior to the accident; and dismissed plaintiff’s suit for further compensation. The plaintiff has appealed.
The record reveals that plaintiff injured himself on July 6, 1967. The next day he went to Charity Hospital in Pineville, Louisiana. A myelogram was performed, and plaintiff was found to have a ruptured disc. On December 7, 1967, plaintiff was sent to Dr. William W. Fox, Board certified orthopedic surgeon in Shreveport, Louisiana, for examination and evaluation. After several examinations, Dr. Fox performed surgery on plaintiff on January 17, 1968, and removed a herniated disc at L-5. Plaintiff was discharged from the hospital on January 23, 1968. Dr. Fox continued to see plaintiff on March 21, April IS and on October 24, 1968. He also examined plaintiff on February 13 and February 27, 1969, at which time he discharged the plaintiff to do the same type of work he was doing prior to the accident. Dr. Fox again saw plaintiff, at plaintiff’s request, on August 12, 1969. After a complete physical examination, Dr. Fox was of the opinion that plaintiff could compete in the common labor market.
Dr. T. E. Banks, an orthopedic specialist from Alexandria, Louisiana, saw plaintiff on two occasions, namely April 16 and July 21, 1969. Dr. Banks was of the opinion that plaintiff would be restricted in certain types of employment. His findings were subjective and were based on what plaintiff told him. A summary of Dr. Banks’ findings is found at page 14 of his deposition in the transcript, and is as follows:
“Q. Actually, your finding that the man is unable to work is based primarily on what he told you? In other words, he says he’s tender when you press him on a point, and you, of course, have to be- *617 Heve him, and he says he could not work in pain. I believe you indicated that you found no muscle spasm, and you found no atrophy and the reflexes, the knee reflexes and the ankle reflexes, were at least equal on both sides. Would that be a fair statement?
“A. Yes. My findings were quite minimal and based upon patient’s response on pressure. As far as any objective findings other than the localization of tenderness, there were very minimal findings, if any. That’s true.”
The trial court stated that it gave more weight to the treating physician, Dr. William W. Fox, who saw and treated plaintiff for approximately one year and eight months rather than the testimony of Dr. Banks who saw the plaintiff on two occasions and arrived at his opinion based on objective findings.
We cannot say that the trial judge committed error in the instant case. We affirm at plaintiff’s costs.
Affirmed.