245 So.2d 345

**Kelly MURPHY**

v.

**George MESSENGER et al.**

No. 50530.

Feb. 24, 1971.

Rehearing Denied March 29, 1971.

Gahagan & Kelly, Russell E. Gahagan, Natchitoches, for plaintiff-relator.

Jack O. Brittain, Natchitoches, for defendants-respondents.

McCALEB, Chief Justice.

Kelly Murphy instituted the instant action to recover workmen's compensation benefits, alleging that he was totally and permanently disabled as a result of an accident on July 6, 1967 which occurred while he was employed by George C. Messenger and Paul Messenger (father and son, respectively). Also named as a defendant was the Louisiana and Southern Farm Bureau Casualty Insurance Company, the Messengers' compensation insurer.

Defendants admitted the master and servant relationship but denied that plaintiff was injured while working within the course of his employment with them. Alternatively, they pleaded that, if his injury had occurred while so employed, he was no longer disabled.

The trial court found that plaintiff had been injured while in the employ of defendants, but that plaintiff had recovered by March 2, 1969. The judgment was affirmed by the Court of Appeal. 233 So.2d 615. We granted certiorari. 256 La. 66, 235 So.2d 95.

Plaintiff, who was about 48 or 49 years old, was employed by the Messengers who were engaged in farming operations. He worked as a general handyman, doing various jobs, including the driving of a tractor. He testified that he hurt his back when he lifted a sack of soy beans weighing about 200 pounds, while in the course of planting them. He could not remember the exact day but said that he went to the Huey P. Long Charity Hospital in Pineville, Louisiana the day following. The hospital records establish the accident as July 6, 1967.

Bearing in mind that in compensation cases, the "accident" and its resulting injury may be proven without the precision required of other cases, we are of the opinion that the evidence fairly supports the holding of the two lower courts that the plaintiff did sustain an accidental injury while he was in the course of his employment with the Messengers.

In the course of examination and treatment at the hospital it was discovered that plaintiff had suffered a ruptured disc. On December 7, 1967 he was sent to Dr. William W. Fox, an orthopedic surgeon in Shreveport, Louisiana for examination and evaluation. Ultimately Dr. Fox performed surgery on plaintiff and removed the herniated disc at L–5, following which plaintiff was hospitalized until January 23, 1968. Thereafter he continued to be treated by Dr. Fox periodically until February 27,

1969 at which time he was discharged by the doctor as being able to resume the same type of work he was doing prior to the accident.

Plaintiff was paid compensation benefits of $35 per week from July 24, 1967 through March 2, 1969. On the latter date, relying on Dr. Fox' report, the compensation insurer terminated payments. This suit ensued.

As we have said, we are satisfied from our review of the evidence that plaintiff was injured during the course of his employment with the Messengers. The more serious question posed for consideration is whether or not plaintiff was still incapacitated when compensation payments were discontinued and whether he was still incapacitated at the date of the trial.

Dr. T. E. Banks, an orthopedic specialist from Alexandria, Louisiana, examined plaintiff twice, once on April 16, 1969 and again on July 21, 1969. (The trial was held September 16, 1969.) It was his opinion that, although the plaintiff had recovered from the effects of the operation and could perform some of the work formerly done by him, he could not carry out all of the duties of his former occupation.[1] Dr. Banks' opinion was formulated both on

his examinations of plaintiff and on the various reports of Dr. Fox.

On the other hand, Dr. Fox testified that, in his opinion, even though plaintiff's injuries resulted in a "fifteen per cent partial permanent disability of the back and a ten per cent partial permanent disability of the body as a whole", he could return to his previous type of work. There is some indication in his testimony that Dr. Fox did not believe that the plaintiff was being entirely truthful about his asserted symptoms.

On the basis of this evidence the Court of Appeal held that the trial court did not commit error in accepting the testimony of Dr. Fox, the treating physician, rather than that of Dr. Banks.

But we think (and this was the primary reason which prompted our granting the writ) that the Court of Appeal erred, in the instant case, in failing to take into account the lay testimony, particularly in view of Dr. Fox' apparent suspicion that plaintiff might be overstating his difficulties.

Plaintiff, of course, and his wife testified as to his continued disabling condition —that he could not get out of bed unassisted; that he had attempted to use a tractor to plow his garden but could not be-

---

1. He testified that: "On the basis of some restriction of back motion on the basis of his old pathology and the persistent tenderness in the low back, I felt that the man was not completely disabled from any type of gainful employment, but I felt that he would be very likely restricted in certain types of employment, particularly that requiring heavy lifting."

cause of the pain, and that his attempts to drive his truck had the same result, etc. His cousin and her husband also testified as to the difficulty plaintiff now has when getting out of chairs, or in and out of a car, and that he limps.

In addition to these family related witnesses there is also the testimony of Herbert Moreau, a store keeper who saw plaintiff fairly often before, and since the accident. He testified that since the accident plaintiff "walks stooped over or limps a little"; that he has continued to complain of back pains and purchases aspirin or Anacin for them. Likewise, W. L. Ware, who employed plaintiff for farm work before plaintiff went to work for the Messengers, and who had and still has occasion to see him every day or two, testified that plaintiff has continued to complain to him of his back hurting, that "he did not walk as good as he did", and that he has not worked since the accident.

But even more important, we think, is the testimony of the defendant employers themselves. George Messenger gave this testimony:

"Q. Alright, when you talk to him, isn't it a fact that he tells you that he's still disabled?

"A. Yes, sir.

"Q. He tells you his back still hurts him?

"A. Yes, sir. He don't tell me he couldn't work, he says his doctors tell him he can't.

"Q. Alright. Have you made any observations of the man himself whether or not he walks and gets about any different from before he had this operation?

"A. Truthfully, I do, since his operation.

"Q. He doesn't get around like he used to?

"A. Sir?

"Q. I say he doesn't get around like he used to?

"A. He does not. That's right."

Likewise Paul Messenger testified that he still sees plaintiff occasionally and that he "probably does not get around as good as he did then" (before the accident).

There is no doubt but that prior to his injury plaintiff was a steady, conscientious and hard worker; that he engaged in extremely heavy manual labor—lifting heavy sacks (and cross ties when he worked with a railroad "gang"), and driving tractors, etc. He worked for an hourly wage, sometimes a seven-day week, and often a ten to twelve hour day when requested to do so. He has no history of prior compensation claims. And, as we appreciate the testimony of his employers (the Messengers), they themselves do not doubt the sincerity of his claim that he is no longer able to do

the heavy manual labor of which he was formerly capable.

■ All of this testimony together with that of Dr. Banks, and the finding of Dr. Fox that plaintiff has a permanent fifteen per cent "partial permanent disability" of the back, leads us to the conclusion that plaintiff has sufficiently established his inability to do work of the same or similar character as he did prior to his injury, and that he is, therefore, totally disabled within the contemplation of the workmen's compensation statute.

■ Because they dismissed plaintiff's suit in its entirety, neither lower court considered the question of quantum. However, as heretofore indicated, the defendant was being paid $35 per week by the compensation insurer so long as there was an admitted disability (approximately nineteen months). We will therefore adopt that figure as the correct basis for fixing our award.

For the reasons assigned the judgment of the Court of Appeal is reversed and set aside. Judgment is hereby rendered in favor of plaintiff for compensation benefits at the rate of $35 per week, not to exceed 400 weeks, beginning July 6, 1967, with legal interest on all weekly payments past due from their respective due dates, until paid, and for all medical, surgical and

hospital expenses as provided by law, all subject to a credit for amounts previously paid by the defendants. Costs in all courts are to be borne by defendants.

TATE, J., is recused, having sat on the Court of Appeal when the matter was considered there.

BARHAM, Justice (dissenting).

The trial court and the Court of Appeal found as a matter of fact after consideration of all the evidence that the plaintiff had not established that he was totally disabled within the contemplation of the Workmen's Compensation Act. This court has attempted to find error of law, saying that the Court of Appeal failed to pass on the lay evidence. It is the obligation of the trial court and the appellate court to review all the evidence, and there is nothing in the record before us to indicate that either court failed to discharge its judicial function properly. If those courts decided to give little or no weight to the evidence of certain witnesses because of the question of credibility or relevance or quality, that is a fact-finding function which they are entitled to discharge. I see no reason to believe that we are better judges of the facts in this case than the trial judge and the judges of the Court of Appeal. I adhere to the results reached by them.