347 So.2d 1288 (1977)
Ann Lea O'BRIEN
v.
James Charles O'BRIEN, Jr.
No. 11343.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
*1289 Henry D. Salassi, Jr., Baton Rouge, of counsel for plaintiff-appellee Ann Lea O'Brien.
Gerard E. Kiefer, Baton Rouge, of counsel for defendant-appellant James Charles O'Brien, Jr.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
This is a suit to collect past due alimony. From a judgment in favor of plaintiff, Ann Lea O'Brien, and against the defendant, James Charles O'Brien, Jr., defendant has suspensively appealed.
The facts are not in dispute. Ann Lea O'Brien and James Charles O'Brien, Jr. were divorced on May 25, 1973, in which judgment plaintiff was awarded permanent alimony of $500.00 per month commencing June 1, 1973. By proceedings instituted by defendant, alimony was reduced on April 24, 1974, to $275.00 per month. Plaintiff appealed this reduction, and this Court on February 10,1975 at 308 So.2d 333 reversed the judgment of the Trial Court, and the petition to reduce and/or terminate alimony filed by James Charles O'Brien, Jr. was dismissed. Further, this Court refused a rehearing on March 10, 1975, and writs were refused on April 25, 1975, at 311 So.2d 262 (La.1975). From May 1, 1974, through April 30, 1975, James Charles O'Brien, Jr. paid his former wife $275.00 per month permanent alimony. The instant suit is to collect the difference that was not paid, and judgment, was prayed for and was rendered in the amount of $2,700.00.
Defendant-appellant contends that the Trial Judge erred in holding that the Court of Appeal reversal of the Trial Court reduction of alimony had the effect of reinstating alimony due in the period of April, 1974, through February, 1975, and thus awarding past due alimony. In support of this specification of error defendant-appellant argues that to give retroactive effect to the Court of Appeal judgment is the same as allowing a suspensive appeal from the judgment by the Trial Court reducing the alimony award, which suspensive appeals are prohibited. LSA-C.C.P. art. 3943.
A suspensive appeal cannot be taken from a judgment relating to alimony, regardless of whether the judgment grants, denies, reduces, increases, or terminates alimony. LSA-C.C.P. art. 3943: Malone v. Malone, 282 So.2d 119 (La.1973): and Donica v. Donica, 324 So.2d 847 (La.App. 1st Cir. 1975).
However, we reason that the intention of the legislature in denying suspensive appeals from judgments relating to alimony is aptly expressed in the comments to LSA-C.C.P. art. 3943 which states, "thus the wife will no longer be deprived of necessary support pending appeal." To allow a husband to suspensively appeal an alimony award could deprive the wife of needed support during the appeal, and thus cause her to have reason to compromise her position.
It is true the courts in interpreting LSA-C.C.P. art. 3943 have applied the suspensive appeal prohibition to all aspects of alimony awards, however, we find no merit in the argument that the reversal of an alimony reduction award retroactively to the date of the reversal is likened to a suspensive appeal.
Generally "the effect of a general and unqualified reversal of a judgment, order, or decree is to nullify it completely and to leave the case standing as if such judgment, order, or decree had never been rendered, except as restricted by the opinion of *1290 the appellate court." 5B C.J.S. Appeal and Error § 1950.
If the Trial Court judgment would have increased alimony with the wife receiving the increase until that judgment was reversed on appeal, the husband after the reversal became final would be entitled to recover, in a separate action, the overage paid the wife. The wife certainly could not argue that the retroactive application of the reversal effected a suspensive appeal of the Trial Court increase. State, Department of Highways v. Busch, 254 La. 541, 225 So.2d 208 (1969) and Henry Waters Truck & Tractor Company, Inc. v. Relan, 277 So.2d 463 (La.App. 1st Cir. 1973), writ refused, 279 So.2d 206 (La.1973).
In Whitt v. Vauthier, 295 So.2d 235 (La.App. 4th Cir. 1974), writ refused, 299 So.2d 793 (La.1974), wherein the husband was granted a divorce and the wife was found at fault thus denying her permanent alimony, the appellate court reversed the finding of fault and awarded alimony retroactively to the date of the divorce judgment.
Thus, we reason that the reversal by the Court of the reduction of alimony places the parties in the same position as if no reduction had ever been decreed, and the retroactive application of the reversal does not operate as a suspensive appeal.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by defendant-appellant.
AFFIRMED.