381 So.2d 869 (1980)
Bernadine MACIP, Plaintiff-Appellee,
v.
Donald W. WALLACE, Defendant-Appellant.
No. 7277.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1980.
On Partial Rehearing April 14, 1980.
Dubuisson, Brinkhaus & Dauzat, Edward B. Dubuisson, Opelousas, for defendant-appellant.
Taylor & Trosclair, Frank P. Trosclair, Jr., Opelousas, for plaintiff-appellee.
Before GUIDRY, SWIFT and LABORDE, JJ.
SWIFT, Judge.
Donald W. Wallace, defendant-appellant, has appealed from two judgments rendered in this separation suit insofar as they awarded his wife, Bernadine Macip, the plaintiff-appellee $250.00 per month support for each of their two sons, ages 10 and 13 years. The first judgment was based on a rule which was tried preliminarily. The other was rendered following the trial on the merits and it contained a like decree for child support since the parties stipulated that the related circumstances had not changed.
The appellee filed a motion to dismiss the appeal of the first judgment, contending *870 that the issue involved therein has become moot because it was only temporary and was superseded by the judgment on the merits. On the other hand, appellant contends that if the amount of child support awarded in the judgments is excessive and it is reduced by this court he will be unable to recover the excess of the proper award because the law does not provide for a suspensive appeal from the first judgment. The opinion in O'Brien v. O'Brien, 347 So.2d 1288 (La.App. 1 Cir. 1977), lends support to appellant's position and we conclude that the motion to dismiss the first appeal must be denied.
Turning now to the merits, following the trial the district judge concluded the wife was at fault and rendered a separation decree in favor of the husband denying the appellee's claim for alimony. However, Mrs. Wallace was awarded custody of the children and child support in the total sum of $500.00 per month. The appellant contends the amount was excessive under the circumstances presented and that the trial judge abused his discretion in this respect.
The evidence reflects that the appellant is a truck driver who usually is away from home working six days a week. He resides at the community home. Mrs. Wallace now rents a trailer from her mother in which she lives with the children. She works and her wages are about $4,000.00 per year. The trial judge found that the husband's gross wages were approximately $16,500.00 annually, but his net take home pay was probably about $12,000.00 or $1,000.00 per month. Combining their incomes and employing what appears to be its own formula, the court concluded that the children needed and Mr. Wallace was able to pay child support of $250.00 per child.
We are convinced the court was manifestly in error and abused its discretion in making such award.
From our review of the record and our own calculations, we believe the husband's net take home pay is closer to $1,100.00 per month than $1,000.00 as found by the trial judge. In either case, however, if he pays the child support awarded and his present fixed monthly obligations he will have either nothing or practically nothing left for his own basic necessities such as food when not working, the utilities at his residence, clothing (other than uniforms), toiletries, haircuts, medical expenses, use and upkeep of his automobile and so forth.
It was undisputed that appellant is obliged to pay $500.00 per month on notes or contracts executed before the community was dissolved for the purchase of an automobile, home furnishings and orthodontic treatments for one of the children. Payment of these and the $500.00 per month awarded for child support leaves little if anything for Mr. Wallace's own living expenses. While he receives a travel allowance or reimbursement primarily for food while on the road, it was not established that he spent less for such item than he was allowed. His testimony that while at home his food costs from $36.00 to $42.00 per month was not contradicted and seems very reasonable as does the estimates of his other necessaries (except possibly the utilities). Thus, it is obvious that appellant cannot meet his expenses, fixed or otherwise, if he is required to pay $500.00 monthly for the support of his two minor sons.
The general rule as to the determination of child support was stated by the court in Burks v. Burks, 293 So.2d 923 (La.App. 2 Cir. 1974), as follows:
"Alimony for the support of the children should be based upon the ability of the father to pay as well as upon the needs of the persons receiving it. (La.C.C.Articles 230, 231). In fixing the amount consideration should be given to the income of the mother who, together with the father, is obligated by Civil Code Article 227 to support, maintain and educate their children."
The trial judge, of course, is vested with wide discretion in fixing child support. However, in Fall v. Fontenot, 307 So.2d 779 (La.App. 3 Cir. 1975), this court said:
"Regardless of the language used in the Manuel case, it should be borne in mind that calculation of child support by a *871 mathematical formula is impossible and that all of the varying facts and circumstances of each individual case must be taken into consideration in fixing the amounts awarded." [Emphasis added]
In the present case it seems rather clear that the wife's earnings are barely sufficient for her own needs and she is unable to contribute any significant amount towards their support. We are not entirely convinced it was established that the needs of the children for basic necessities amount to $500.00 per month. Considering this as well as the ability of the father to pay, we conclude that the child support award should be reduced by $50.00 or to $200.00 monthly for each child. By doing so, we believe that the appellee at least will be able to provide the basic necessities of life for her children and appellant can satisfy the community obligations and pay his necessary living expenses.
Accordingly, the judgment of the trial court is amended to reduce the award to plaintiff-appellee for child support from $250.00 to $200.00 per month for each of her two minor children. The rights of defendant-appellant to recover the excess paid, if any, as child support under the judgments heretofore rendered by the district court are reserved. The costs of appeal are assessed against plaintiff-appellee.
AMENDED AND AFFIRMED.

ON PARTIAL REHEARING
Appellee has now called our attention to Frederic v. Frederic, 302 So.2d 903 (La.1974), which was not considered by us in writing our original opinion in this case.
We think that decision precludes the right of the husband to recover alimony payments made in accordance with an order of the trial court even though it is subsequently determined on appeal that the amount of the award was excessive under the circumstances of the case. Regardless of our own views on the subject, this court, like the Court of Appeal, Second Circuit, in Bruner v. Bruner, 373 So.2d 971 (La.App. 2 Cir. 1979), is bound to follow Frederic.
For these reasons, the decree heretofore entered by this court is amended to dismiss the appeal from the district court's judgment rendered April 17, 1979, on the rule for alimony and child support as being moot and to delete from our decree the sentence reserving the appellant's right to recover the excess child support paid under the judgments of the district court. Otherwise, such decree stands as written.