417 So.2d 1278 (1982)
William D. OLIVER, Sr.
v.
Meridel Vincent OLIVER.
No. 14974.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Rehearing Denied August 24, 1982.
*1279 Sam J. D'Amico, Baton Rouge, for plaintiff-appellee-appellant William D. Oliver, Sr.
Patsy Jo McDowell, Baton Rouge, for defendant-appellant-appellee Meridel Vincent Oliver.
Before LEAR, CARTER and LANIER, JJ.
LANIER, Judge.
William D. Oliver, Sr. brought suit against his wife, Meridel Vincent Oliver, seeking a divorce. Mrs. Oliver answered and filed a reconventional demand for a divorce and, in the alternative, for a separation and sought alimony pendente lite and permanent alimony of $1,500 per month. Following a trial, there was judgment in favor of Mr. Oliver granting the divorce and judgment against Mrs. Oliver dismissing her reconventional demand and rejecting her claim for permanent alimony. Mrs. Oliver appealed to this court only that part of the judgment finding her at fault and denying her permanent alimony. By judgment dated November 10, 1980, this court reversed the trial court determination of fault and granted Mrs. Oliver permanent alimony of $867 per month. No date for *1280 commencement of payment of the permanent alimony was set in the opinion. Oliver v. Oliver, 393 So.2d 192 (La.App. 1st Cir. 1980). Mr. Oliver applied for a rehearing which was denied on January 26, 1981. He then applied to the Louisiana Supreme Court for a supervisory writ which was denied on March 27, 1981. Oliver v. Oliver, 397 So.2d 1358 (La.1981).
On April 22, 1981, Mr. Oliver filed a motion to reduce the permanent alimony award. On May 13, 1981, Mrs. Oliver filed a rule seeking the following relief: (1) judgment for all past due permanent alimony payments retroactive to the date of judgment in the trial court (March 13, 1980) totaling $12,138 with legal interest thereon from the due date of each installment (La. C.C.P. art. 3945); (2) a reasonable attorney fee and costs (La.R.S. 9:305); and (3) that Mr. Oliver be cited for contempt of court for failure to comply with the permanent alimony payment order (La.C.C.P. art. 224 and La.R.S. 13:4611[A][4]). Mr. Oliver answered this rule and alleged that permanent alimony payments were not due until the judgment of this court became final with the denial of his application for writs by the Louisiana Supreme Court on March 27, 1981. By judgment rendered on May 21, 1981, and read and signed on May 28, 1981, the Judge of the Family Court of the Parish of East Baton Rouge reduced the permanent alimony payments to $600 per month, commencing June 1, 1981. By judgment rendered June 30, 1981, and read and signed on July 9, 1981, the Family Court Judge rendered judgment in favor of Mrs. Oliver and against Mr. Oliver in the sum of $5,202 (representing six payments due through May 10, 1981) for arrearages of permanent alimony payments from November 10, 1980, (the date of this court's decision) and made this judgment executory. This judgment did not provide for interest on the past due alimony payments, denied the claim for attorney fees, dismissed the contempt citation and cast Mr. Oliver for all costs. From these various judgments, both Mr. and Mrs. Oliver have appealed devolutively.[1]
I. EFFECTIVE DATE OF COURT OF APPEAL JUDGMENT AWARDING PERMANENT ALIMONY
Mrs. Oliver argues that the effect of our judgment rendered on November 10, 1980, reversing the trial court and rendering judgment in her favor for permanent alimony at the rate of $867 per month is retroactive to the date of judgment in the trial court. There is authority in this Circuit that a reversal or modification of a trial court judgment by an appellate court places the parties in the same position as if the trial court judgment had not been rendered and is retroactive to the effective date of the trial court judgment. In O'Brien v. O'Brien, 347 So.2d 1288 (La.App. 1st Cir. 1977), Mrs. O'Brien was awarded permanent alimony of $500 per month. In a subsequent proceeding in the trial court, Mr. O'Brien was successful in having this award reduced to $275 per month. This court on appeal reversed the trial court reduction and reinstated the original award. During the time that this litigation was pending in this court, Mr. O'Brien paid Mrs. O'Brien $275 per month on the basis of the amended trial court judgment. This court held that Mr. O'Brien was responsible for payments of $500 per month during the time that the appeal was pending for the following reasons found at pages 1289 and 1290 of the Southern Reporter:

"A suspensive appeal cannot be taken from a judgment relating to alimony, regardless of whether the judgment grants, denies, reduces, increases, or terminates alimony. LSA-C.C.P. art. 3943: Malone v. Malone, 282 So.2d 119 (La.1973); and Donica v. Donica, 324 So.2d 847 (La.App. 1st Cir. 1975).
"However, we reason that the intention of the legislature in denying suspensive *1281 appeals from judgments relating to alimony is aptly expressed in the comments to LSA-C.C.P. art. 3943 which states, `thus the wife will no longer be deprived of necessary support pending appeal.' To allow a husband to suspensively appeal an alimony award could deprive the wife of needed support during the appeal, and thus cause her to have reason to compromise her position.
"It is true the courts in interpreting LSA-C.C.P. art. 3943 have applied the suspensive appeal prohibition to all aspects of alimony awards, however, we find no merit in the argument that the reversal of an alimony reduction award retroactively to the date of the reversal is likened to a suspensive appeal.
"Generally `the effect of a general and unqualified reversal of a judgment, order, or decree is to nullify it completely and to leave the case standing as if such judgment, order, or decree had never been rendered, except as restricted by the opinion of the appellate court.' 5B C.J.S. Appeal and Error § 1950.
"If the Trial Court judgment would have increased alimony with the wife receiving the increase until that judgment was reversed on appeal, the husband after the reversal became final would be entitled to recover, in a separate action, the overage paid the wife. The wife certainly could not argue that the retroactive application of the reversal effected a suspensive appeal of the Trial Court increase. State, Department of Highways v. Busch, 254 La. 541, 225 So.2d 208 (1969) and Henry Waters Truck & Tractor Company, Inc. v. Relan, 277 So.2d 463 (La.App. 1st Cir. 1973), writ refused, 279 So.2d 206 (La. 1973).
"In Whitt v. Vauthier, 295 So.2d 235 (La. App. 4th Cir. 1974), writ refused, 299 So.2d 793 (La.1974), wherein the husband was granted a divorce and the wife was found at fault thus denying her permanent alimony, the appellate court reversed the finding of fault and awarded alimony retroactively to the date of the divorce judgment.
"Thus, we reason that the reversal by the Court of the reduction of alimony places the parties in the same position as if no reduction had ever been decreed, and the retroactive application of the reversal does not operate as a suspensive appeal."
(Emphasis Added).
In Hartley v. Hartley, 336 So.2d 291 (La. App. 1st Cir. 1976), Mrs. Hartley was awarded alimony pendente lite in the trial court of $1,070 per month, plus $148.88 per month for payment of the home mortgage note and $300 per month to use to pay off debts. This court reduced this award to $545 per month for alimony pendente lite and ordered Mr. Hartley to make the monthly mortgage payments. The opinion did not fix an effective date for the reduction. Mrs. Hartley applied for supervisory writs to the Louisiana Supreme Court which were refused. Hartley v. Hartley, 339 So.2d 21 (La.1976). Mrs. Hartley filed a rule for past due alimony arrearages seeking payment for the amounts awarded by the trial court during the time that this matter was pending in the trial court, in this court and on writs to the Louisiana Supreme Court. The trial court granted judgment for 15 months at $1,518.88 per month for a total of $22,783.20. On appeal this court, pursuant to the authority of La. C.C.P. art. 2164[2], reduced this award retroactively to $545 per month or a total of $8,175. Hartley v. Hartley, 341 So.2d 1257 (La.App. 1st Cir. 1976). The Louisiana Supreme Court granted writs in this case, 343 So.2d 204 (La.1977), to review assignments of error that did not apply to the retroactive application of the reduction of the original alimony award. However, in its opinion in Hartley v. Hartley, 349 So.2d 1258 (La.1977), the Louisiana Supreme Court observed *1282 at page 1261 of the Southern Reporter as follows:
"... The award of $8,175.00 for unpaid alimony (as reduced to comport with an earlier appellate court reduction) is affirmed."
It is within the discretion of trial judges to determine when payment of alimony awards shall commence when they render such judgments. McClure v. McClure, 363 So.2d 1334 (La.App. 3rd Cir. 1978). If the judgment of a trial court awarding alimony is silent as to the commencement date of payments, it will be presumed that the trial judge intended alimony payments to be effective from the date of his judgment, rather than commencement of suit. Henson v. Henson, supra. If a trial court on a rule for the reduction of an alimony award grants the relief requested, it has the discretion to fix the effective date of the reduction and may make it retroactive to the date that the rule was filed. Vinson v. Vinson, 292 So.2d 763 (La.App. 4th Cir. 1974). Where the facts and circumstances of the case dictate that fairness and justice would so require it, the reduction in alimony can be made retroactive beyond the date of the filing of the rule. Graval v. Graval, 355 So.2d 1057 (La. App. 4th Cir. 1978). By analogy it would seem that if a trial court has discretion in determining the date of commencement of alimony payments or the date of commencement of the modification of alimony payments, then such power should also be vested in the Courts of Appeal. Thus, the Courts of Appeal should have discretion to grant modifications or reversals of trial court alimony judgments commencing as early as the date that the request was initiated in the trial court or at such other time thereafter as would do justice in the case.
Mr. Oliver argues that Article 3943 of the Code of Civil Procedure[3] as interpreted in the case of Frederic v. Frederic, 302 So.2d 903 (La.1974) is controlling. On October 5, 1972, Mr. Frederic had judgment rendered in his favor decreeing a divorce and ordering him to pay permanent alimony of $500 per month to his wife. After Mrs. Frederic received a substantial sum for the sale of her share of some community property, Mr. Frederic instituted a rule to terminate permanent alimony payments. This rule was denied in the trial court and he appealed. On February 6, 1974, the Court of Appeal for the Fourth Circuit reversed the judgment of the trial court and denied permanent alimony payments to Mrs. Frederic. Frederic v. Frederic, 290 So.2d 469 (La.App. 4th Cir. 1974). Mrs. Frederic then applied to the Louisiana Supreme Court for supervisory writs which were granted. On the basis of the Court of Appeal judgment of February 6, 1974, Mr. Frederic discontinued permanent alimony payments to his wife. Mrs. Frederic then filed a rule for back alimony and the trial judge rendered judgment in her favor for $2,500. Mr. Frederic applied to the Louisiana Supreme Court for an order prohibiting the trial judge from signing the judgment accumulating the past due alimony and the Louisiana Supreme Court granted the order. In ruling on the effective date of the revocation of alimony, the Louisiana Supreme Court in Frederic observed at page 908 of the Southern Reporter as follows:

"Inasmuch as an appeal from a judgment awarding alimony does not suspend the execution of the judgment, La.Code Civ.P. Art. 3943, the husband was not authorized to discontinue alimony payments upon the strength of the Court of Appeal judgment of February 6, 1974 revoking alimony payments. The effect of the Court of Appeal judgment was itself suspended when this Court granted writs to review its correctness. The effective date of the revocation of the alimony due by the husband to the wife is the date the judgment of this Court in these consolidated matters becomes final. Therefore. *1283 our order staying execution of the judgment of the trial court of June 28, 1974 cumulating past due alimony is recalled and set aside."

(Emphasis Added).
In a per curiam found at page 909 of the Southern Reporter, the Louisiana Supreme Court further observed as follows:
"In the application for rehearing of Norman Frederic, the mover raises a question as to the effective date of the revocation of alimony.

"As noted in the majority opinion, an appeal from a judgment awarding alimony is devolutive only. See LSA-C.C.P. Art. 3943. Hence, the effective date of the termination of alimony is the date that the judgment of this Court becomes final."
(Emphasis Added).
In Bruner v. Bruner, 373 So.2d 971 (La.App. 2nd Cir. 1979), Mrs. Bruner secured a divorce on June 30, 1977, and awards for alimony pendente lite in the amount of $622.72 monthly until the divorce became final and permanent alimony in the amount of $689.25 to commence after the judgment of divorce became final.[4] Mr. Bruner appealed this judgment and the Second Circuit affirmed the divorce, reduced the alimony pendente lite award to $350 and reversed the permanent alimony award. Bruner v. Bruner, 356 So.2d 1101 (La.App. 2nd Cir. 1978). Mr. Bruner did not further contest the judgment of divorce and it became final on March 21, 1978. Mrs. Bruner applied for and was granted supervisory writs to the Louisiana Supreme Court which affirmed the decision of the Court of Appeal on November 13, 1978, and denied Mrs. Bruner's application for a rehearing on December 14, 1978. Bruner v. Bruner, 364 So.2d 1015 (La.1978). Mr. Bruner paid alimony pendente lite as ordered by the judgment of June 30, 1977, in the amount of $622.72 each month through February 15, 1978 but paid no further alimony past that time based on the Court of Appeal decision. On June 8, 1978, Mrs. Bruner filed a rule seeking a judgment for all alimony which became due subsequent to February 15, 1978. Mr. Bruner claimed that because the Court of Appeal ruled he owed alimony pendente lite in the amount of $350 and he paid alimony pendente lite in the amount of $622.72, that he was entitled to apply the excess paid by him as a credit against all sums he was subsequently ordered to pay. In answering this contention, the Court of Appeal for the Second Circuit observed as follows at page 976 of the Southern Reporter:
"... This contention is untenable because it is contrary to the rule as expressed in Frederic v. Frederic, supra, to the effect that once the alimony is established in a judgment, it is owed until the judgment reversing or modifying it becomes final...."
See also Langham v. Langham, 381 So.2d 1284 (La.App. 2nd Cir. 1980).
Frederic holds that when a trial court grants alimony, Article 3943 of the Code of Civil Procedure creates a right in favor of the successful trial court litigant that is irrevocable and unmodifiable during the appellate process. However, Malone v. Malone, supra, holds that Article 3943 is equally applicable to denials, reductions, increases and terminations of alimony as well as to grants of alimony.[5] We must then reason from the Frederic postulate that Article 3943 also creates an irrevocable and unmodifiable right in favor of a successful trial court litigant during the appellate process when a trial court denies, reduces, increases or terminates alimony. What is sauce for the litigious goose must also be sauce for the litigious gander.
It appears that the holdings of Frederic and Bruner are in conflict with those of O'Brien and Hartley. We believe Frederic *1284 and Bruner to be in error. The purpose of Article 3943 is to suspend the execution of the trial court judgment while the appeal is pending, i.e., to allow only devolutive appeals in alimony and custody cases. This Article of the Code of Civil Procedure must be construed in connection with Article 2164 which authorizes appellate courts to "render any judgment which is just, legal, and proper upon the record on appeal." Article 3943 should not be construed to preclude appellate courts from reversing or modifying trial court judgments retroactively when they are wrong and the interests of justice require it.
However, we are obligated to follow the latest holding of the Louisiana Supreme Court. Phillips v. Nereaux, 357 So.2d 813 (La.App. 1st Cir. 1978); O'Connor v. Terry, 346 So.2d 739 (La.App. 1st Cir. 1977); Gambino Industries, Inc. v. Security Ins. Co., 333 So.2d 759 (La.App. 4th Cir. 1976). For this reason, we will adhere to the rule established by Frederic and fix the effective date of commencement of permanent alimony payments in favor of Mrs. Oliver on March 27, 1981.
II. ATTORNEY FEES AND CONTEMPT
It was stipulated at the hearing held on May 21, 1981, that Mr. Oliver had not paid any alimony, but stood ready to pay the April payment for that year. Because of the dispute about the date of commencement of permanent alimony payments and because of the ruling rendered herein, Mrs. Oliver is not entitled to recover attorney fees pursuant to La.R.S. 9:305 and Mr. Oliver is not in contempt for successfully litigating his claim.
III. REDUCTION OF PERMANENT ALIMONY PAYMENTS
The trial judge, after a hearing, reduced the permanent alimony payments due by Mr. Oliver from $867 per month to $600 per month, effective June 1, 1981.
The burden is on a party seeking to modify an award of permanent alimony to prove a change in the circumstances of one or both of the parties from the time of the divorce decree to the time of the rule for modification. Article 160, Louisiana Civil Code; Sonfield v. Deluca, 385 So.2d 232 (La.1980); Blondeau v. Blondeau, 396 So.2d 403 (La.App. 1st Cir. 1981). A trial judge has much discretion in fixing the amount of permanent alimony and his award, or modification of an award, will not be disturbed on appeal in the absence of a showing of an abuse of such discretion. Loyacano v. Loyacano, 358 So.2d 304 (La.1978); Gautreaux v. Gautreaux, 382 So.2d 996 (La.App. 1st Cir. 1980).
At the original hearing to fix permanent alimony, Mrs. Oliver had expenses totaling $1,550.83. Mr. Oliver listed his expenses at $1,028 per month with a net monthly income of $2,396. Based on these figures, this court fixed permanent alimony at $867 per month.
At the reduction hearing, Mrs. Oliver claimed expenses of $1,224.50. She no longer has to pay a house note or a car note. These two notes total over $300. Since the original rule Mr. Oliver has remarried and bought a home. His wife's gross monthly income is about $1,000. His note on his home is $540 more than he listed as a rent expense at the prior hearing. He has also purchased furniture and appliances for the new home. He listed his expenses at $2,498 per month and his personal net monthly income was $2,783.54.
In view of the circumstances, it is our opinion that the trial judge has not abused the much discretion allowed him in modifying permanent alimony awards.
IV. CONCLUSION
For the foregoing reasons, the judgment of the Family Court of East Baton Rouge Parish, insofar as it reduced the permanent alimony payments from $867 per month to $600 per month commencing June 1, 1981, and dismissed the rules for contempt and attorney fees, is affirmed. The judgment of the Family Court is amended to provide that Mrs. Meridel Vincent Oliver is entitled to permanent alimony payments commencing *1285 March 27, 1981, with legal interest on each unpaid permanent alimony payment from its due date until paid. Miller v. Miller, 321 So.2d 318 (La.1975); Marshall v. Marshall, 390 So.2d 1365 (La.App. 4th Cir. 1980); Thompson v. Courville, 372 So.2d 579 (La.App. 3rd Cir. 1979); Weeks v. Weeks, 349 So.2d 1008 (La.App. 2nd Cir. 1977). Mr. Oliver is cast for all costs in the trial court and for the costs of this appeal.
AMENDED IN PART AND AFFIRMED.
NOTES
[1] Mr. Oliver could have appealed suspensively from the judgment accumulating back alimony. Frazier v. Frazier, 374 So.2d 198 (La.App. 4th Cir. 1979); Lacour v. Lacour, 355 So.2d 1083 (La.App. 4th Cir. 1978); Henson v. Henson, 350 So.2d 979 (La.App. 2nd Cir. 1977); Picinich v. Picinich, 271 So.2d 670 (La.App. 1st Cir. 1972).
[2] La.C.C.P. art. 2164 provides:

"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The Court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable."
[3] La.C.C.P. art. 3943 provides:

"An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony."
(Emphasis Added).
[4] A wife is entitled to alimony pendente lite pursuant to Article 148 of the Civil Code during the pendency of a suit for divorce until the divorce decree becomes final. Thereafter, she is entitled to permanent alimony pursuant to Article 160 of the Civil Code. Golson v. Golson, 351 So.2d 100 (La.1977).
[5] See Malone v. Malone, supra, at page 121 of the Southern Reporter.