439 So.2d 1208 (1983)
Varel Lee WASSON
v.
Robert D. WASSON.
No. 83 CA 0016.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Concurring Opinion October 18, 1983.
Writ Denied December 16, 1983.
Kenneth L. Riche, Baton Rouge, for plaintiff.
James E. Durbin, Denham Springs, for defendant.
Before COVINGTON, LOTTINGER, EDWARDS, PONDER, COLE, WATKINS, SHORTESS, CARTER, SAVOIE, LANIER, CRAIN and ALFORD, JJ.
COLE, Judge.
The monetary effect of a child support (alimony) award, later modified upon appellate review, is the issue in this case. Its resolution deterines whether or not the parent adversely affected is obligated for the differential amount during the interim between the trial court award and final appellate determination.
Varel Lee Wasson and Robert D. Wasson were legally divorced by a judgment of the 21st Judicial District Court, Parish of Livingston, rendered on August 26, 1980. The judgment ordered defendant Robert Wasson to pay $400 a month child support, which was a reduction from the $600 a month plus medical expenses set previously by The Family Court for the Parish of East Baton Rouge, the court which granted the separation. Plaintiff Varel Lee Wasson appealed suspensively from the total judgment, contesting jurisdiction, venue and the reduction in child support. (We note although she appealed suspensively from the *1209 entire judgment, the child support matter is subject only to a devolutive appeal. See La.Code Civ.P. art. 3943[1]). On June 29, 1981, this court amended the trial court's judgment as to the reduction in child support and reinstated the original sum of $600 per month plus medical expenses. Wasson v. Wasson, 402 So.2d 718 (La.App. 1st Cir. 1981).
Thereafter, Mrs. Wasson filed a "Petition to Have Past Due Support Accumulated and Rule For Contempt," wherein she alleged Mr. Wasson was indebted to her for the $200 a month difference which had accumulated during the ten month period between the trial court judgment and the appellate decision. (Mr. Wasson had paid $400 a month from August 26, 1980 until June 29, 1981.) Without assigning reasons the trial court rendered judgment against the petitioner and dismissed the rule. Mrs. Wasson then filed this appeal.
The issue we face here is one that has plagued the courts many times before. Appellant cites O'Brien v. O'Brien, 347 So.2d 1288 (La.App. 1st Cir.1977), as supporting her argument that she is entitled to the arrearages. In O'Brien, the trial court initially awarded the wife $500 a month alimony. It later reduced the amount to $275 a month and the wife appealed the reduction. This circuit reversed the reduction and reinstated the original amount.[2] When that judgment became final and definitive the husband apparently resumed paying $500 a month. The wife filed a rule in the trial court, seeking the $225 a month difference which had accrued during the period between the trial court's judgment and the end of the appellate procedure. The husband was ordered to pay the accumulated amount and he appealed to this court.
On appeal, we noted the effect of a general and unqualified reversal of a judgment was to nullify it completely and leave the case standing as if such judgment had never been rendered, citing 5B C.J.S., Appeal and Error, § 1950. Therefore, we gave the previous appellate court decision retroactive effect to the date of the trial court judgment and held the husband in fact owed the $225 a month difference which had accumulated during the appellate process. This accords with long established principles of procedural law.
At the time of the O'Brien decision this court did not discuss the significant Supreme Court case of Frederic v. Frederic, 302 So.2d 903 (La.1974), rehearing denied 1974. In a case with a phenomenally complicated procedural history, the husband was ordered to pay alimony by the trial court. He appealed to the Fourth Circuit,[3] the court reversed the alimony award, and the wife sought writs. Acting pursuant to the appellate court's reversal, the husband ceased paying alimony as of February 6, 1974, the date of the appellate decision. Meanwhile, another panel of the Fourth Circuit considered the alimony issue as a part of a separate appeal[4] and affirmed the trial court's granting of alimony.
Before the matter was decided by the Supreme Court, the wife filed a rule in the trial court, claiming the husband owed her for past-due alimony. The trial court agreed, ordering him to pay the alimony which had accumulated since he had ceased payments. The husband successfully sought a stay of execution of this order from the Supreme Court.
Thus the Frederic court was faced with three related writs. The first two writs arose from the two differing opinions of the Fourth Circuit as to whether or not the wife was entitled to alimony. The Supreme *1210 Court concluded the wife was not entitled to alimony. The third writ dealt with the trial court's order that the husband pay the alimony that had accumulated after the court of appeal decision which stated he need not pay. The Supreme Court concluded it had erred in staying the execution of that trial court judgment. The court explained as follows on page 908:
"Inasmuch as an appeal from a judgment awarding alimony does not suspend the execution of the judgment, La.Code Civ.P. Art. 3943, the husband was not authorized to discontinue alimony payments upon the strength of the Court of Appeal judgment of February 6, 1974 revoking alimony payments. The effect of the Court of Appeal judgment was itself suspended when this Court granted writs to review its correctness. The effective date of the revocation of the alimony due by the husband to the wife is the date the judgment of this Court in these consolidated matters becomes final. Therefore, our order staying execution of the judgment of the trial judge of June 28, 1974 cumulating past due alimony is recalled and set aside." (Emphasis added.)
Justice Tate, in a partial concurrence and partial dissent, raised the following question:
"However, I am not certain, from the majority opinion, whether the majority intends to affirm an award of alimony to the wife up to date of finality of this decree, or instead to decree that no alimony is due effective as to the date of the original divorce decree. If the latter is the intent, then of course the holding described in the first paragraph is meaningless, because the wife collects nothing. I assume the former is the majority's intent." 302 So.2d, at 908.
On an application for rehearing, the mover (Mr. Frederic) raised a question as to the effective date of the revocation of the alimony. In a per curiam decision, at page 909, the court stated as follows:
"As noted in the majority opinion, an appeal from a judgment awarding alimony is devolutive only. See LSA-C.C.P. Art. 3943. Hence, the effective date of the termination of alimony is the date that the judgment of this Court becomes final." (Emphasis added.)
We find a prima facie conflict in O'Brien and Frederic. In both cases the higher court ultimately modified the judgment of the trial court. In Frederic, the final result was to reverse the trial court's granting of alimony altogether, while in O'Brien, the appellate court raised the amount granted by the trial court. Both cases involve the question of what amount is owed in the interim between the trial court's judgment and the date when that judgment (modified by the higher court) becomes definitive, i.e., when all appellate delays have lapsed.
In Frederic, the spouse ordered to pay alimony by the trial court was told by the Supreme Court he was wrong to have ceased paying during the interim. Although the ultimate conclusion of the Supreme Court was that the wife was not entitled to alimony, this decision did not take effect until the Supreme Court's judgment became definitive. Apparently, the wife's right to receive the alimony in the interim was not affected by the Supreme Court's ultimate decision.
To the contrary, in the O'Brien case, although the paying spouse was also expected to follow the trial court order until the judgment became definitive, once the appellate court reversed the trial court judgment, and all delays had run, the effect of the appellate court's reversal was to date back to the time of the original trial court judgment. Once the appellate court determined the trial court erred in not awarding the higher amount of alimony it was as though the trial court had ordered the husband to pay the higher amount from the beginning.
Applying Frederic to the facts of the present case, the wife would not be entitled to the $200 a month difference which accumulated between the trial court judgment and the date of the court of appeal judgment, because the court of appeal judgment (increasing the alimony) would have been effective only when that judgment became *1211 definitive. Applying O'Brien to these facts, the wife would be entitled to the $200 a month because once the appellate court raised the alimony, and all delays had run, the appellate court judgment had the effect of nullifying the original trial court judgment. This is so because once the appellate court said the trial should have awarded $600 a month it is as though the trial court in fact ordered the husband to pay $600 from the beginning.
In the recent case of Oliver v. Oliver, 417 So.2d 1278, (La.App. 1st Cir. 1982), writ denied, 421 So.2d 1124, this court reasoned Frederic had not been followed by the O'Brien court. In Oliver, the trial court denied the wife alimony and the appellate court reversed,[5] granting it in the amount of $876 a month. The husband sought writs to the Supreme Court, which were ultimately denied.[6] Meanwhile, the wife filed a rule in the trial court seeking past-due alimony from the date of the trial court's judgment. The trial court reduced the amount of alimony (in response to a rule filed by the husband) but granted the arrearages accordingly. The husband appealed the arrearages matter to this court.
In Oliver, the court discussed O'Brien and indicated a desire to follow it, but held as an appellate court it was compelled to follow the Supreme Court decision in Frederic.
The Oliver court noted Frederic held when a court grants alimony (child support), article 3943 of the Code of Civil Procedure, in stating there are no suspensive appeals in such cases, creates a right in favor of the successful litigant which is irrevocable and unmodifiable during the appellate process. And although the article speaks only in terms of there being no suspensive appeals in cases involving a judgment awarding alimony, an earlier case, Malone v. Malone, 282 So.2d 119 (La. 1973) held a suspensive appeal cannot be taken from a judgment relating to alimony, regardless of whether the judgment grants, denies, reduces, increases or terminates the alimony. The Oliver court then concluded at page 1283:
"We must then reason from the Frederic postulate that Article 3943 also creates an irrevocable and unmodifiable right in favor of a successful trial court litigant during the appellate process when a trial court denies, reduces, increases or terminates alimony. What is sauce for the litigious goose must also be sauce for the litigious gander."
The court therefore set the effective date for the commencement of Mrs. Oliver's alimony as the date the judgment became definitive, which was the date writs were denied by the Supreme Court. See La.Code Civ.P. arts. 1842 and 2166, paragraph 4.
Although the interpretation of Frederic by this court in Oliver is a sound one based upon the literal language used by the majority in Frederic, we deem it most significant that our Supreme Court in Frederic did not have before it the same question posed by O'Brien and Oliver. In the latter cases the issue presented was the ultimate right of the wife, following definitive appellate review, to recover arrearages accumulating from the date of the trial court judgment, thus validating her successful appeal. However, in Frederic the court was concerned with the right of the wife to receive alimony in the interim between trial court judgment awarding it and final appellate determination of her entitlement vel non. The court did not have before it nor did it address specifically the right of the husband to recover the amount he paid his wife pursuant to the erroneous trial court decree.
Our prior opinions in O'Brien and Oliver conflict. The Second Circuit and the Third Circuit have applied Frederic as we did in Oliver. See, Bruner v. Bruner, 373 So.2d 971 (La.App. 2d Cir.1979) and Macip v. Wallace, 381 So.2d 869 (La.App. 3d Cir.1980), on partial rehearing. It was said in Oliver: "We believe Frederic and Bruner to be in error." 417 So.2d, at 1283, 84. We still believe Frederic to be in error if it stands *1212 for the proposition the successful litigant is without right to be paid or to be reimbursed differential sums resulting from appellate review. To so hold renders the appeal meaningless and results in the appellate court acting as a second trial court. Just because the appeal is devolutive and not suspensive does not alter the purpose of appellate review which is to correct an erroneous and thus unjust trial court disposition of the matter.
In view of the fact our Supreme Court in Frederic did not have this precise issue before it and the majority, as then constituted, did not deal explicitly with the right of the litigant who is successful in the appellate court to benefit by a "retroactive" application of that court's decision, (the rationale of the fact situation now before us), we decline to again apply its language within this factual context. This assumes, of course, we have understood correctly the import of the language used and have not misconstrued the intent of the court. We do find the Frederic language above quoted to be somewhat ambiguous when examined solely within the context of the facts of that case. It could well have a meaning different from that attributed to it by the circuit courts. The language employed almost begs the question with which we are concerned. In the very least, there appears to be a semantical problem.[7]
Accordingly, we adhere to our opinion in O'Brien and overrule Oliver.
We are cognizant this result, in some instances, will work a hardship on the receiving spouse, especially in cases involving child support. It is not our function, however, to enact remedial legislation under the guise of judicial interpretation. No special niche has been carved out of appellate procedure applicable only to alimony and child support awards. Until the law is changed by the legislature we must continue to give effect to the appeal of such awards as we would the appeal of any other monetary obligation.
For these reasons the judgment of the trial court is reversed and judgment is now rendered in favor of appellant, Varel Lee Wasson, and against appellee, Robert D. Wasson, for the sum of $2,100, plus legal interest on each increment thereof from its due date, until paid.
Judgment is further rendered in favor of appellant, Varel Lee Wasson, and against appellee, Robert D. Wasson, for the additional sum of $1,000 representing attorney fees for services rendered at both the trial and appellate levels.
Appellee, Robert D. Wasson, is cast for all costs of court.
REVERSED AND RENDERED.
LANIER, J., concurs and will assign reasons.
CRAIN, SHORTESS and EDWARDS, JJ., dissent.
LANIER, Judge, concurring.
I concur in the result. As the author of Oliver v. Oliver, 417 So.2d 1278 (La.App. 1st Cir.1982), I followed Frederic v. Frederic, 302 So.2d 903 (La.1974), even though I did not agree with its holding because it was the latest expression of the Louisiana Supreme court. The writ action taken by the Louisiana Supreme Court in Oliver v. Oliver, 421 So.2d 1124 (La.1982) indicates that a majority of the present court may either disagree with Frederic or find it not controlling in this factual situation.
The purpose of an appeal is to have "a judgment of a trial court revised, modified, set aside, or reversed by an appellate court." La.C.C.P. art. 2082. An appellate court is authorized to "render any judgment which is just, legal, and proper upon the record on appeal." (Emphasis added). La. C.C.P. art. 2164. The authority of an appellate court to affect a trial court judgment and render a judgment that is just is not determined by the type of appeal taken (suspensive or devolutive). The suspensive *1213 appeal merely "suspends the effect or the execution of an appealable order or judgment." (Emphasis added). La.C.C.P. art. 2123. The devolutive appeal, such as that provided for custody and alimony judgments in La.C.C.P. art. 3943, does not. La. C.C.P. art. 2087. An award of alimony or child support is a money judgment. The language contained in Article 3943 does not make the devolutive appeal of an alimony or child support award different from a devolutive appeal of any other type of money judgment. There is nothing in the law or jurisprudence requiring that when a trial court judgment is reversed on a devolutive appeal that the effect of the appellate court judgment is only prospective. Where a money judgment is executed while a devolutive appeal is pending and is subsequently reversed by an appellate court, the judgment creditor is liable to place the judgment debtor back in the same position in which he was prior to the appeal, unless the rights of third persons are affected. Cf. Guaranty Savings Assurance Company v. National American Bank of New Orleans, 407 So.2d 795 (La.App. 4th Cir.1981), writ denied 410 So.2d 1135 (La.1982); Lisi Realty, Inc. v. Plaisance, 306 So.2d 920 (La.App. 1st Cir.1974), writ denied 310 So.2d 640 (La. 1975). Conversely, when a party seeking a money judgment loses in the trial court but, after taking a devolutive appeal, wins in an appellate court, the appellate court judgment will grant the relief initially sought, rather than only prospective relief. See, for example, Murphy v. Messenger, 258 La. 31, 245 So.2d 345 (1971); Glover v. Southern Pipe & Supply Company, 408 So.2d 352 (La. App. 4th Cir.1981), writ denied 412 So.2d 86 (La.1982).
The holding of Frederic precludes the retroactive correction of an erroneous trial court judgment granting, denying or modifying an alimony or child support award and irrevocably perpetuates the injustice of such judgment during the appellate process. I agree with the majority that we should not follow Frederic. I concur in the holding reversing the judgment of the trial court and reinstating the original sum awarded for child support, which has the effect of placing the parties in the same position, with respect to child support, as if no reduction had ever been decreed.
NOTES
[1] La.Code Civ.P. art. 3943 reads as follows:

"An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony."
[2] See O'Brien v. O'Brien, 308 So.2d 333 (La. App. 1st Cir.1975), writ refused, 311 So.2d 262 (La.1975).
[3] See Frederic v. Frederic, 290 So.2d 469 (La. App. 4th Cir.1974). This appeal arose from a rule filed by the husband to have alimony discontinued.
[4] See Frederic v. Frederic, 295 So.2d 52 (La. App. 4th Cir.1974). This was a direct appeal from the trial court judgment awarding the wife alimony.
[5] See Oliver v. Oliver, 393 So.2d 192 (La.App. 1st Cir.1980).
[6] See Oliver v. Oliver, 397 So.2d 1358 (La. 1981).
[7] The majority of our Supreme Court, as now constituted, appears to agree Frederic is not controlling as regards the precise issue before us. Note treatment of writ denial in Oliver, 421 So.2d 1124.