## 33260. FETZER v. FETZER.

BOWLES, Justice.

The appellee filed a complaint, pursuant to Code Ann. § 30-220, to modify and increase child support payments awarded to her in a separation agreement entered into by the parties, and incorporated into a final

---

judgment and decree of divorce. The agreement, entered into on June 3, 1970, provided that appellant would pay $200 per month for each of his minor children "until each of such children reaches twenty-one (21) years of age, dies, marries or becomes self-supporting." Another paragraph of the agreement stated that appellant "agrees to provide said minor children with a four (4) year college education and in that connection, shall pay all room, board, tuition, books and other such costs for each of such children at the University of Georgia or equivalent." This provision was stated to be in addition to other provisions for support and maintenance of the children.

The request for modification was heard by a jury in Hall County Superior Court. A verdict was returned for the appellee, increasing child support payments for each child to $300 per month, to continue until each of said children reaches twenty-one years of age, dies, marries or becomes self-supporting, regardless of the other provisions of the parties' divorce decree providing for college education of the minor children. The verdict of the jury was supported by evidence that the father's income and financial status had increased, and was adopted by the court in its final judgment. Appeal is taken from this judgment.

Appellant complains that the verdict and judgment of the trial court constitutes an unauthorized modification of the final judgment and decree of divorce between the parties, in that it requires the appellant to pay child support in addition to educational support, beyond the age of majority of his children, without his consent. This, says appellant, obligates him for double child support. Appellant contends that the original agreement only intended that appellant provide support for his minor children in the sum of $200 per month per child until they attained age twenty-one in the event the children did not attend college, *or* to provide support for his children in the form of school expenses incurred by the children during a four year college education should said children desire to attend college.

The plain language of the agreement provides that the husband would pay for his children's educational expenses "in addition to the other provisions for the

support and maintenance of the minor children of the parties." A contract entered into in settlement of the parties' alimony and child support claims, stands upon the same basis as other contracts to the extent that it is subject to construction of the court, looking to the intention of the parties in entering into the agreement. *McKie v. McKie,* 213 Ga. 582 (100 SE2d 580) (1957). By reading the agreement itself, we find that the husband consented and the parties contemplated that child support payments would continue until a stipulated event, regardless of whether the child attended college.

In *McClain v. McClain,* 235 Ga. 659 (221 SE2d 561) (1975), this court held that where the contract of the parties settling alimony is incorporated into a divorce decree, and such contract obligates the father to provide maintenance and education for the child beyond majority, the decree approving the contract is enforceable. Therefore, we find that the original agreement entered into by the parties and adopted by the trial court obligates the husband, in clear and precise language, to pay $200 per month, per child, child support until they reached twenty-one, etc., and additionally to provide each with college educational expenses. This was an enforceable obligation.

The appellee moved for a modification of the $200 per child amount, showing a change in the income and financial status of the husband pursuant to Code Ann. § 30-220. We find that there was evidence to support the jury's verdict increasing child support payments to $300 per month, per child. This did not affect the husband's other obligations under the agreement. We do not find an unauthorized modification of the final judgment and decree of the parties.

*Judgment affirmed. All the Justices concur, except Hall, J., who dissents.*

Argued February 13, 1978 — Decided February 28, 1978.

*Telford, Stewart & Stephens, Charles W. Stephens, William H. Blalock, Jr.,* for appellant.

*Robert J. Reed, Douglas Parks,* for appellee.