## 34739. JONES v. JONES.

NICHOLS, Chief Justice.

Under terms of an agreement incorporated into the final judgment and decree of divorce entered in 1975, the former husband agreed to pay to the former wife as support for their three minor children, $197 per month "until said minor children marry, become self-supporting, complete their college education, become 22 years of age, or die, whichever event occurs first." At the time of the divorce, the husband was unemployed and was suffering from a physical disability. After the divorce the husband recovered and resumed his job as a school teacher. The wife subsequently sought modification.

The trial court found that there had been a substantial increase in the husband's income and ordered additional child support of $50 per month for each of two children under the age of 18 until such child shall reach the age of 18, "at which time the father shall pay as obligated under the original agreement, the agreement remaining otherwise unchanged."

As to the third child, who had reached the age of 18 at the time of the hearing, the trial court held that the obligation of a father under the law to support his children terminates at age 18 and that "the court is of the opinion that it cannot alter a voluntary obligation undertaken by a father beyond his legal obligation."

The wife appeals. This court affirms.

Appellant asserts that Code Ann. § 30-220 gives the trial court authority to increase the amount of the agreed upon child support payments for all three children during the extended period agreed upon (past age 18 to age 22, etc.) because the agreement becomes a part of the decree and that section of the Code allows modification of decrees. This court disagrees.

The trial court properly determined that the statutory obligation of this father to each of these children was to support each child until he or she attains age 18. Code Ann. §§ 74-104, 74-104.1, and 74-105; *Clavin v. Clavin*, 238 Ga. 421 (233 SE2d 151) (1977). He correctly held that the child support obligations of this father were extended in duration past the age of majority of each child

by the agreement incorporated into the decree of divorce. *McClain v. McClain,* 235 Ga. 659 (221 SE2d 561) (1975). He further correctly held that he could increase the amount of the periodic child support payments for the two children who were in their minorities on the date of the hearing during the period of their minorities but not thereafter, and that he could not increase the periodic payments for the child who previously had attained the age of 18. *Fetzer v. Fetzer,* 240 Ga. 862 (242 SE2d 597) (1978) is distinguishable upon the basis that age 21 was the age of majority there applicable.

To accept appellant's contentions would be to rule that the trial court's powers during a modification proceeding are greater than its powers during the original alimony proceedings. This is not the law. *Clavin v. Clavin,* supra; *McClain v. McClain,* supra.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., who dissents.*

ARGUED APRIL 10, 1979 — DECIDED JULY 2, 1979 — REHEARING DENIED JULY 17, 1979.

*Charles W. Smegal,* for appellant.
*Jones & Smith, G. Lee Smith,* for appellee.