DUFRESNE, Judge.
This is an appeal by Vicki Fisk Mathews, defendant-appellant, from an adverse judgment on a rule to reduce child support brought by her former husband, Benjamin B. Mathews, plaintiff-appellee. Because we find no abuse of discretion or legal error in the judgment of the trial court, we affirm.
The parties were divorced by judgment dated February 2, 1983. A joint custody plan was implemented whereby the daughter of the marriage would spend the nine months of the school year with her mother and the summer months with her father. The father was ordered to pay child support of $400 per month during the school year, and $100 per month during the summer.
In an original opinion of January 10, 1984, this court raised the awards to $600 and $300 respectively. However, a rehearing before a five judge panel was granted by us to reconsider an aspect of that opinion not at issue here. After rehearing, an opinion was rendered on November 13, 1984, wherein the increases for child support announced in the January opinion were left intact. Both opinions are reported in Mathews v. Mathews, 459 So.2d 546 (La.App. 5th Cir.1984). Writs were taken to the Supreme Court, but were denied on January 14, 1985, Mathews v. Mathews, 462 So.2d 650 (La.1985).
On October 24, 1984, while the rehearing was pending here, the father filed a rule to reduce child support. On November 19, 1984, after our opinion on rehearing had been promulgated, but before disposition of the case on a writ to the Supreme Court, the mother filed a rule to cumulate child support at the rate fixed by this court from February 2, 1983, the date of the district court judgment. She also alleged that the father had failed to pay, or paid late, the original award fixed by the trial court, and sought a contempt judgment. On November 28, 1984, she filed an additional rule to increase child support above the $600 and $300 figures fixed by this court.
Both parties’ rules were heard on May 2, 1985. The trial court determined that because of changed circumstances of both parties, that a reduction in child support to $500 per month during the school year and $200 during the summer was warranted. Relying on Frederic v. Frederic, 302 So.2d 903 (La.1974), he cumulated the difference between the original award and the increased award ordered by this court, only from January 14, 1985, to May 1, 1985, the effective date of his judgment to reduce child support. He further determined that there was insufficient evidence to show that the father had either missed or paid late, support payments, and therefore dismissed the mother’s rules for cumulation of past due child support, except as noted above, and contempt. The mother now appeals.
The first issue here is whether the trial court erred in reducing the child support award because of changed circumstances. The evidence showed that the monthly expenses for the child had increased from $700 to $800 from February 2, 1983. It further showed that although the father’s gross income of $3,000 per month had remained substantially the same, he had lost reimbursement for his car expenses which are now approximately $600 per month. As to the mother, her present income is $800 per month, as compared with $125 per month in February 1983. The trial court also noted in the record that the child is spending more time with her father, both during the summer and on weekends, than he had anticipated in his original award. He finally stated *362 that, although there was no medical testimony, he was convinced by the father’s testimony that he had muscular dystrophy, as well as by his physical appearance, and wearing of leg braces, that he is suffering from a debilitating nerve disorder. On this showing we find no abuse of the trial court’s discretion in reducing the child support award.
The mother next urges that she was prejudiced by two evidentiary rulings by the trial court. The first was his refusal to admit into evidence certain ledger sheets which she alleges showed that payments were late or not paid. It was admitted that these sheets were prepared in conjunction with the filing of her rule of November 19, 1984, and were not contemporaneous or regularly kept records of child support payments. Further, in response to a subpoena duces tecum for her bank records which may have corroborated these sheets, she claimed that the vast majority of those papers had been lost. We have carefully examined her testimony and all evidence in the record and cannot determine upon what documents or records the figures and dates on the ledger sheets were based. We finally note that four child support checks from the father were introduced, and one of these for $400, does not appear on the ledger sheets. On this showing, the ledger sheets were of no probative value, and were properly excluded by the trial judge.
The second alleged error was the exclusion of the father’s bank records. Counsei for the mother sought introduction of these records to establish when the support checks cleared the father’s bank, and therefore when the funds were actually paid the mother. He urged at trial, and reurges here, the proposition that if child support checks clear the father’s bank after the date when payment is due, that the father ie paying late. He cites no case so holding and we find none. We therefore conclude that the trial court properly excluded this evidence.
The final issue here is when the increase in child support ordered by this court became effective. The mother argues that the increase should be effective retroactively to February 2, 1983, the date of the original award. In the alternative, she urges that because the increase was made in this court’s original opinion of January 10,1984, and because that increase was not contested on the application for rehearing or on the application for a writ to the Supreme Court, the increase became final at least as of that date. As to this latter argument, we cite La.Code Civ.Pro. arts. 2166 and 2167. We find nothing in either article which would suggest that issues not raised on application for rehearing in the appellate courts, or writ applications to the Supreme Court, become final and definitive, while the issues appealed do not. We therefore reject that argument.
The final issue here is whether the increase in child support awarded by this court is retroactive to February 2,1983, the date of the district court judgment, or whether it commences on January 14,1985, the date the Supreme Court denied the writ application, thus making our judgment definitive and final. Resolution of the question turns on the applicability of the rule set forth in Frederic v. Frederic, 302 So.2d 903 (La.1974). The issue in that case was whether a husband condemned to pay alimony could discontinue paying on the basis of an appellate court judgment reversing the award while a writ to the Supreme Court challenging the appellate judgment was pending. The court answered as follows:
Inasmuch as an appeal from a judgment awarding alimony does not suspend the execution of the judgment, La.Code Civ.P. Art. 3943, the husband was not authorized to discontinue alimony payments upon the strength of the Court of Appeal judgment of February 6, 1974 revoking alimony payments. The effect of the Court of Appeal judgment was itself suspended when this Court granted writs to review its correctness. The effective date of the revocation of the alimony due by the husband to the wife is the date the judgment of this Court in *363 these consolidated matters becomes final, (at 908)
Justice Tate perceived an unanswered question in this language in his concurring opinion, i.e. whether the husband, although having to make payments throughout the devolutive appeal process, could on the basis of a judgment vacating the alimony award seek return of the amounts paid under the original district court judgment.
I concur with that part of the opinion which holds that the devolutive appeal by the husband did not stay the wife’s right to receive alimony (and collect it by contempt and other proceedings, if necessary). As the majority correctly points out, the court of appeal reversal of the continued-alimony award did not become final until action by this court.
However, I am not certain, from the majority opinion, whether the majority intends to affirm an award of alimony to the wife up to the date of finality of this decree, or instead to decree that no alimony is due effective as to the date of the original divorce decree. If the latter is the intent, then of course the holding described in the first paragraph is meaningless, because the wife collects nothing. I assume the former is the majority’s intent (at 908) (emphasis added).
Implicit in the question raised in this concurrence is whether a reviewing court has discretion as to retroactive application of its judgment.
However, in a per curiam opinion on rehearing, the court rejected the idea that such discretion exists, as follows:
In the application for rehearing of Norman Frederic, the mover raises a question as to the effective date of the revocation of alimony.
As noted in the majority opinion, an appeal from a judgment awarding alimony is devolutive only. See LSA-C.C.P. Art. 3943. Hence, the effective date of the termination of alimony is the date that the judgment of this Court becomes final.
Both applications for rehearing are denied.
Thus, the court squarely held that under La.Code Civ.Pro., art. 3943, a termination of alimony on appeal is only effective from the date the appellate judgment becomes final.
Although the narrow question in Frederic was termination of an alimony award, and our issue is an increase in the award, this distinction is of no consequence, Malone v. Malone, 282 So.2d 119 (La.1973). We therefore hold that the rule of Frederic, supra, is applicable here and that the trial court correctly ruled that the wife was entitled to the increase awarded by this court only from January 14, 1984, the date the writ was denied by the Supreme Court and the appellate judgment became final, La.Code Civ.Pro. art. 2166. This same result was reached in Oliver v. Oliver, 417 So.2d 1278 (La.App. 1st Cir.1982), Macip v. Wallace, 381 So.2d 869 (La.App. 3rd Cir. 1980), and Bruner v. Bruner, 373 So.2d 971 (La.App. 2nd Cir.1979).
We are aware that the First Circuit has now reversed its decision in the Oliver case in Wasson v. Wasson, 439 So.2d 1208 (La. App. 1st Cir.1983). There the court reasoned that the purpose of appellate review is to correct errors in the trial court judgment. To make the appellate judgment effective only on the date of its finality would mean that any injustice resulting from an erroneous trial court judgment could not be corrected either during or after the interim between that defective judgment and the appellate judgment. It concluded that such a rule would render appellate review meaningless and perpetuate injustice. In a concurring opinion Judge Lanier made explicit what is implicit in the majority opinion. He pointed out that La.Code Civ.Pro. art. 3943 only provides for devolutive appeals in support matters; it does not make such appeals different from any other devolutive appeal from a money judgment. He concludes that any appellate judgment must therefore be effective from the date of the trial court judgment, as in any other devolutive appeal *364 from a money judgment. Our appreciation of the rule in Wasson is that an appellate judgment in support matters must be retroactive to the date of the trial court judgments. This is the opposite of our understanding of Frederic, which is that it cannot be retroactive. Were it within the power of this court to adopt a rule, we would probably reject both extremes and permit appellate courts discretion in fixing a commencement date for changes ordered by them in support matters. As noted in Oliver v. Oliver supra at 1282, trial judges are permitted to fix the date for commencement of support payments, and it appears anomolous that appellate courts should not be permitted similar discretion.
Nonetheless, we are bound by what we understand the rule of Frederic to be, i.e. that appellate changes in support awards are effective only from the date that the judgment ordering such changes becomes final and definitive. This was the rule followed by the trial court in the matter before us, and we therefore affirm the judgment.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
KLIEBERT, J., concurs in part and dissents in part.