### 45402. KATZ v. KATZ.
(366 SE2d 766)

GREGORY, Justice.

Alvin W. Katz, appellant, and Susan E. Katz, appellee, were divorced September 13, 1983. June 7, 1985 appellant filed a complaint seeking, *inter alia*, to reduce his child support obligations. On April 27, 1987 the trial court granted appellee's motion for summary judgment. We reverse.

September 12, 1983 the parties entered into an agreement which was incorporated into the final judgment and decree of divorce. The agreement provides that child support[1] is to be continued at least un-

---

[1] Appellee argues that "child support" should be distinguished from "contractual support," the former being pre-majority and the latter post-majority support. However, this distinction is not made in the agreement where both pre-majority and post-majority support are called "child support."

til the children reach the age of twenty-one years and contains several provisions under which support can be extended even longer. The agreement further states,

> Notwithstanding any other provision of this Agreement, the amount of child support shall be subject to reasonable adjustment from time to time as may be mutually agreed upon or ordered by a court of competent jurisdiction, based upon the facts and circumstances relating to the needs of the children and the economic position of both parties.

On the date of divorce there were two minor children of the marriage. Both children have now reached majority. The issue in this case is whether the quoted provision from the agreement is sufficient to authorize a court to modify a post-majority child support obligation required by a separation agreement incorporated into a final divorce decree. We hold that it is.

The appellee relies on *Jones v. Jones*, 244 Ga. 32 (257 SE2d 537) (1979) in which we held a court has no power to modify post-majority child support obligations because the court's power during modification proceedings could not be greater than its power during the original alimony proceedings and that no such power exists in the original proceedings. Appellee argues on the basis of *Jones* that courts lack jurisdiction to impose involuntary modification of post-majority child support.

Jurisdiction is not truly the issue.[2] The superior courts possess subject matter jurisdiction in divorce, alimony and child support cases. The issue is one of the application of a substantive law principle. In *Jones* our reference to the power of the court referred simply to the requirements of the substantive law. There the substantive law principle announced and applied was that post-majority child support obligations created by contract are not subject to involuntary modification. Here the issue is whether the parties may alter the effect upon themselves of this same substantive law principle by voluntary contract.

We hold that parties may alter the effect of the rule against involuntary modification of post-majority child support by their voluntary contract. We reach this conclusion by the same rationale which led us to affirm a contempt judgment against a father who failed to

---

[2] In fairness to the parties we note that our order granting the application directed attention to a consideration of jurisdiction. In prior decisions we have also couched our discussion in terms of jurisdiction. *Randall v. Dyche*, 248 Ga. 438 (284 SE2d 18) (1981).

We also observe that our order raised an issue whether the language of the agreement was clear enough to "reserve jurisdiction." Governed by the analysis of this opinion, the language is clear enough to alter the effect of the substantive law upon these parties.

pay post-majority child support. *McClain v. McClain,* 235 Ga. 659 (221 SE2d 561) (1975). There the substantive law principle was that a parent could not be forced to pay child support beyond majority. However, we recognized a parent was free to contract for such an obligation. When a contract is entered into creating the obligation and by agreement made a part of a divorce decree the obligation becomes enforceable by contempt. A party cannot change the substantive law of Georgia but can in these circumstances alter its effect as to him by incurring obligations which go beyond the minimum requirements of the law.

In the case at hand the appellant agreed to do more than he could have been required to do under the law. Furthermore the parties contracted that this additional obligation is subject to modification when ordered by a court of competent jurisdiction. They then agreed for the contract to become part of the decree of the court. The parties have thereby altered the effect of the substantive rule of *Jones* as applied to them in this case. Appellant's obligation to furnish post-majority child support is subject to modification. It follows the trial court erred in granting summary judgment to appellee.

*Judgment reversed. All the Justices concur.*

### DECIDED APRIL 20, 1988

*Bedford, Kirschner & Venker, Andrew R. Kirschner,* for appellant.

*Hurt, Richardson, Garner, Todd & Cadenhead, A. Paul Cadenhead,* for appellee.