CHEHARDY, Chief Judge.
Maurine Perez Hogan appeals the district court’s denial of her rules to increase alimony and child support. William J. Hogan Sr., her divorced husband, answers the appeal, asserting the district court erred in denying his rule to decrease alimony and child support and also in finding Maurine Hogan entitled to past-due child support in the amount of $7,000.
The parties were divorced on October 7, 1981, following a seventeen-year marriage in which they lived an affluent lifestyle. In the judgment of divorce, Maurine Hogan was awarded custody of their three minor children (Terri, Billy and Tammi) and William Hogan was ordered to pay Maurine Hogan alimony in the amount of $1,691.33 per month and child support in the amount of $1,800 per month. In addition, Mr. Hogan was ordered to pay all reasonable medical bills and all schooling expenses for the children, “for a period not to expire in less than 12 years from the date of the judgment, except in the event of substantial financial reverses incurred by the Defendant during said period, regardless of the fact that during said 12 year period, all of said minor children will have reached majority.”
Immediately after rendition of the divorce decree, the parties executed a property settlement agreement under which William Hogan Sr. bound himself as follows:
“The parties further acknowledge and declare that one of the prime considerations given in considering the division and settlement of the community previously existing between them was that they were able to partition the communi *480 ty amicably and amicably agree upon appropriate alimony and child support payments to be made by appearer, William J. Hogan, Sr., unto Maurine Perez, the divorced wife of William J. Hogan, Sr. As a result thereof, the said William, J. Hogan, Sr. does further hereby bind and obligate himself not to seek a reduction in the monthly alimony payments due Maurine Perez * * * in the amount of $1,691.33 for a period not to expire in less than twenty (20) years from this date nor to seek a reduction in the monthly child support payment due Maurine Perez * * * in the amount of $1,800.00 for a period not to expire in less than twelve (12) years from this date, except in the event of substantial financial reverses” (Emphasis added.)
Approximately two years later the parties engaged in litigation over the amount of child support due Mrs. Hogan because Mr. Hogan filed a rule to reduce after he was awarded custody of Billy pursuant to a juvenile court order that found Billy to be a child in need of supervision. The district court reduced child support from $1,800 to $1,300 per month. Upon appeal by Mrs. Hogan to this court, we reversed that ruling and reinstated the $1,800 amount. Hogan v. Hogan, 465 So.2d 73 (La.App. 5 Cir.1985).
On July 11, 1985, Mrs. Hogan commenced the litigation that has resulted in this appeal. She sought to accumulate the $500-per-month reduction in child support payments by Mr. Hogan over the 14-month period between the filing of his rule to reduce and the rendition of the judgment reversing the reduction.
The parties’ respective rules to increase and to decrease the support amount arise from Mrs. Hogan’s claim that hers and the children’s expenses have increased, requiring her to liquidate her investments in order to maintain her style of living.
Mr. Hogan, on the other hand, claims not only that his business interests have suffered substantial financial reverses resulting from a downturn in the economy of the New Orleans area over the past few years, but also that Mrs. Hogan’s living expenses have decreased because she sold the former matrimonial domicile and now lives in an apartment, thereby drastically reducing her household maintenance expenses. In addition, he asserts, her expenses for care of the children have decreased because Terri and Billy are now majors.
Mrs. Hogan points out, on the other hand, that despite Mr. Hogan’s claim of substantial financial reverse, he and his present wife continue to live an affluent lifestyle, with an expensive new home and high-priced automobiles; in addition, he is able to give gifts to his children that are far beyond the scope of his obligations under the child support judgment (e.g., a gift of $12,000 to the elder daughter on her. 21st birthday; a $15,000 automobile to the son).
The parties’ testimony at trial of the rules was heard on three separate occasions. Mrs. Hogan’s testimony focused on the investments she had liquidated, but was imprecise and confused as to how much income and capital she actually has in addition to her alimony. In fact, substantial omissions from her financial statement had to be corrected in court by her attorney. Her testimony as to her living expenses was not clear.
To support his claim of substantial financial reverses, Mr. Hogan presented financial statements on which the values of his stock and property holdings were shown in what he called “deep discount” versions, with values dramatically decreased from previous statements.
His Spring 1984 and 1985 statements showed his personal net worth as between $1,500,000 and $2,000,000. (He and his present wife are separate in property.) His March 1986 statement shows his worth as $1,856,840. Mr. Hogan, however, claims these statements are the “most optimistic” view of the value of his holdings.
He claims the deep discounted versions are more representative of actual property values in the commercially-depressed Greater New Orleans area. These statements show his net worth to be $229,000 and $326,242. He claims his 1985 joint tax return with his present wife shows a net *481 loss of $285,171, in contrast to returns from 1982, 1983 and 1984 showing incomes ranging from $187,077 to $281,303.
Considering the evidence, we conclude the trial court did not abuse its discretion in denying the claims for increase and reduction of support. Regarding child support we conclude that, while Mr. Hogan is bound by the agreement to pay the items stated therein despite the majority of the two older children, the fact that they are now majors means he is not bound to support them beyond the scope of the agreement.
Accordingly, Mrs. Hogan is not entitled to seek an increase on behalf of the major children. As for Tammi, the only child still a minor, Mrs. Hogan made insufficient showing that her needs had increased beyond what they were when the in globo award was set.
Similarly, regarding alimony Mrs. Hogan made insufficient showing that her personal expenses had increased to the extent necessary to justify an increase.
As for Mr. Hogan’s demand for decreases, we conclude he failed to adequately prove his claim of substantial financial reverses. Rather, as Mrs. Hogan argues, the evidence establishes Mr. Hogan’s affluent and comfortable lifestyle has not diminished. He drew up his own so-called “bad news” financial statements, which were unaudited, using his own estimates of the decreases in the value of his investments and properties. We do not hold these are necessarily false nor do we impugn Mr. Hogan’s business acumen; under the circumstances, nonetheless, without supporting testimony by a neutral third party or expert, these statements can only appear self-serving and, thus, less credible.
The final issue is the accumulation of past-due child support. Mr. Hogan contends the award of $7,000 should be reversed, arguing Mrs. Hogan failed to present evidence of the amount of child support paid by Mr. Hogan pending the appeal from the 1983 judgment reducing child support. Alternatively, he argues that an appellate court’s modification of a trial court’s decision regarding child support may not be made retroactive to the date of the trial court’s decision.
In his reasons for judgment, the trial judge relied on Wasson v. Wasson, 439 So.2d 1208 (La.App. 1 Cir.1983), writ denied 443 So.2d 592, in which the First Circuit held that an appellate court judgment reinstating child support that had been reduced by the trial court should be given retroactive effect to the date of the trial court judgment. The trial judge also cited Teasdel v. Teasdel, 493 So.2d 1165 (La.1986), in which the Supreme Court held a husband must pay alimony retroactive to the filing of the rule by the wife.
Mr. Hogan, on the other hand, refers us to Mathews v. Mathews, 489 So.2d 360 (La.App. 5 Cir.1986), in which this court relied on Frederic v. Frederic, 302 So.2d 903 (La.1974) to hold that an increase in child support ordered by a reviewing court becomes effective only from the date a writ application is denied by the Supreme Court and the appellate court judgment becomes final.
In Mathews, we specifically declined to follow the First Circuit’s ruling in Wasson, stating we were bound by what we understood the rule of Frederic to be. We see no reason to change the Mathews holding now. Accordingly, we conclude the trial court erred in finding that Mr. Hogan owed the additional child support during the period in question.
For the foregoing reasons, the judgment of the district court is reversed insofar as it awarded Maurine Perez Hogan past-due child support in the amount of $7,000. In all other respects, the judgment is affirmed. Judgment is hereby rendered dismissing all claims of both parties.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.