## 46630. LANE v. TITUS.
(379 SE2d 521)

HUNT, Justice.

In this modification of the 1983 divorce decree between Lilliyan Lane and David Titus, the trial court permitted the jury to modify Titus' obligations with respect to life insurance for the benefit of Lane and their minor child and with respect to the payment of the child's college expenses. Both obligations were assumed by Titus voluntarily, by contract, and along with the remaining contractual obligations were incorporated in the 1983 decree. Neither obligation could have otherwise been imposed on Titus. *Clavin v. Clavin*, 238 Ga. 421 (233 SE2d 151) (1977); *McClain v. McClain*, 235 Ga. 659 (221 SE2d 565) (1975).

The issue whether this modification was error is controlled by *Jones v. Jones*, 244 Ga. 32 (257 SE2d 537) (1979), in which this court held that the modification powers of a trial court are no greater than its powers during the original proceedings. Thus since the trial court could not, absent Titus' consent by contract, impose the obligations referred to, neither can it modify them.[1] Consequently, it was error to submit these issues to the jury and the judgment must be reversed and a new trial granted.

*Judgment reversed. All the Justices concur.*

### DECIDED JUNE 1, 1989.

*Thomas, Settle & Parker, W. Vincent Settle III,* for appellant.
*Hackel & Hackel, Thomas M. Hackel,* for appellee.

---

[1] In *Katz v. Katz*, 258 Ga. 184 (366 SE2d 766) (1988), we permitted such a modification where the parties expressly provided for the right to modify their *contractual* obligations. Here, the contract provides only: ". . . neither of the parties hereto waives any legal rights they may have to bring any type of modification procedure *as provided by law.*" (Emphasis supplied.)