(781 P.2d 745)
No. 62,803

LORETTA MORRISON, *Appellee*, v. CLAYTON S. MORRISON, *Appellant.*

Opinion filed November 3, 1989.

*L. Earl Watkins, Jr.,* of Watkins, Calcara, Rondeau & Friedeman, P.A., of Great Bend, for appellant.

*M. John Carpenter,* of Carpenter & Peter, of Great Bend, for appellee.

Before BRAZIL, P.J., LARSON, J., and JOHN W. WHITE, District Judge, assigned.

WHITE, J.: Clayton Morrison appeals the trial court's order granting an increase in child support for his daughter Marla, contending that the trial court lacked jurisdiction to modify child support after Marla reached the age of 18. We reverse.

Clayton and Loretta Morrison were divorced in 1973. The divorce decree required Clayton to pay child support for each of their four children. In 1978, Clayton and Loretta agreed to a modification of the support order increasing Clayton's payments to $250 per month for each of the children during their minority and extending to age 22, provided that the child for whom support was being paid was pursuing a formal education at a full-time accredited educational institution.

On May 18, 1988, Loretta Morrison filed a motion seeking an increase in support for the parties' youngest child, Marla, who

had attained age 18 on May 9, 1988. On her 18th birthday, Marla had not yet completed her junior year of high school.

Clayton challenged Loretta's motion, alleging that the court had no jurisdiction to modify the contractual agreement of the parties after Marla had reached the age of majority. The trial court held that it had jurisdiction to act upon Loretta's motion, stating:

"[N]otwithstanding the express language of the statute [K.S.A. 1987 Supp. 60-1610(a)(1)(B)], the intent of the Legislature in adopting the language 'in which case the support shall not terminate . . . until June 1 of the school year during which the child became 18 years of age if the child is still attending high school . . .' was to provide support until June 1 of the school year in which the child completes his or her high school education."

The court increased Clayton's obligation for support from $250 to $680 per month from July 1, 1988, until June of the year in which Marla was to graduate from high school.

K.S.A. 1987 Supp. 60-1610(a)(1) provided that a court order for child support shall terminate upon a child reaching 18 years of age unless one of two exceptions applies:

"(A) The parent or parents agree, by written agreement approved by the court, to pay support beyond the time the child reaches 18 years of age; or (B) the child reaches 18 years of age before completing the child's high school education in which case the support shall not terminate, unless otherwise ordered by the court, until June 1 of the school year during which the child became 18 years of age if the child is still attending high school."

In construing a statute, words of common usage are to be given their natural and ordinary meaning. A court has no right to enlarge the scope of the statute or to amend it by judicial interpretation. *Coe v. Security National Ins. Co.*, 228 Kan. 624, 629-30, 620 P.2d 1108 (1980). The intent of the legislature governs where it can be ascertained from the statute. *Farmers Co-op v. Kansas Bd. of Tax Appeals*, 236 Kan. 632, 635, 694 P.2d 462 (1985). K.S.A. 1987 Supp. 60-1610(a)(1)(B) clearly states that child support shall not terminate until June 1 of the school year in which the child becomes 18 years of age. The statute does not state that child support shall terminate upon completion of the child's high school education. We cannot agree with the trial court's interpretation of the statute.

Loretta argues that the 1988 amendment to K.S.A. 1987 Supp.

60-1610(a) gives the district court the authority to increase child support after the child arrives at the age of majority. The amendment provides:

"Provision for payment of support and education expenses of a child after reaching 18 years of age if still attending high school shall apply to any child subject to the jurisdiction of the court, including those whose support was ordered prior to July 1, 1986. If an agreement approved by the court prior to the effective date of this act provides for termination of support before the date provided by subsection (a)(1)(B), the court may review and modify such agreement, and any order based on such agreement, to extend the date for termination of support to the date provided by subsection (a)(1)(B)." K.S.A. 1988 Supp. 60-1610(a)(1)(B).

While the agreement of the parties providing for the support of Marla was approved by the court prior to July 1, 1986, the 1988 amendment applies only to those cases in which the parties' agreement provides for termination of support prior to June 1 of the school year during which the child becomes 18 years of age. Since the parties' agreement contemplates that Clayton shall provide child support for Marla until she reaches the age of 22 years, if she is enrolled in an accredited educational institution, the amendment does not apply to this case.

Although the trial judge relied on the statutory changes to 60-1610(a)(1)(B) in arriving at his conclusion that he had jurisdiction to modify the support order, Loretta relies principally on the premise that the court has jurisdiction to modify a support agreement even though the child has reached the age of majority. Loretta's counsel contends the trial court should have applied the following exception in K.S.A. 1988 Supp. 60-1610(a)(1)(A):

"The court may modify or change any prior order when a material change in circumstances is shown, irrespective of the present domicile of the child or the parents. Regardless of the type of custodial arrangement ordered by the court, the court may order the child support and education expenses to be paid by either or both parents for any child less than 18 years of age, at which age the support shall terminate unless: (A) The parent or parents agree, by written agreement approved by the court, to pay support beyond the time the child reaches 18 years of age."

We agree that the (a)(1)(A) exception is applicable.

The case and statutory law of this state firmly establish that orders for payment of child support shall terminate when the child attains the age of 18 years unless by prior written agreement

approved by the court a parent has specifically agreed to pay support for a child beyond the age of majority. *Brady v. Brady*, 225 Kan. 485, 492, 592 P.2d 865 (1979); K.S.A. 1988 Supp. 60-1610(a)(1)(A). Agreements providing for payment of child support beyond the age of majority are enforceable. In *Clark v. Chipman*, 212 Kan. 259, 510 P.2d 1257 (1973), the Kansas Supreme Court, in addressing the issue of the enforceability of a marriage settlement agreement providing for child support beyond the age of majority, stated: "The appellee's obligation to support his children under the agreement did not cease when the children attained the age of majority." 212 Kan. at 266-67.

We find no decisions of the Kansas appellate courts which address the issue of whether the district court has jurisdiction to increase child support after the child reaches the age of 18. The Georgia Supreme Court addressed the issue in *Jones v. Jones*, 244 Ga. 32, 257 S.E.2d 537 (1979). The court held that, where the child support obligation of a father was extended past the age of majority by an agreement of the parties incorporated in the divorce decree, the trail court had no jurisdiction to modify the amount of support after the child reached age 18.

In *Jones*, the parties were divorced in 1975. An agreement incorporated into the divorce decree provided that the husband would pay to the wife support for the parties' three minor children " 'until said minor children marry, become self-supporting, complete their college education, become 22 years of age, or die, whichever event occurs first.' " 244 Ga. 32. After the divorce, the husband's income increased substantially, and the wife sought an increase in support. The trial court modified the support order for the two children who were still minors but denied modification as to the third child who had reached age 18, stating that " 'the court is of the opinion that it cannot alter a voluntary obligation undertaken by a father beyond his legal obligation.' " 244 Ga. 32..

The wife appealed, claiming that the court could modify the support order during the extended period agreed upon (to age 22) as the agreement had become a part of the court's decree and the Georgia Code provides for modification of support decrees.

The Georgia Supreme Court, affirming the decision of the trial court, held:

"The trial court properly determined that the statutory obligation of this father to each of these children was to support each child until he or she attains age 18. Code Ann. §§ 74-104, 74-104.1, and 74-105; *Clavin v. Clavin*, 238 Ga. 421 (233 S.E. 2d 151) (1977). He correctly held that the child support obligations of this father were extended in duration past the age of majority of each child by the agreement incorporated into the decree of divorce, *McClain v. McClain*, 225 Ga. 659 (221 S.E. 2d 561) (1975). He further correctly held that . . . he could not increase the periodic payments for the child who previously had attained the age of 18.

"To accept appellant's contentions would be to rule that the trial court's powers during a modification proceeding are greater than its powers during the original alimony proceedings. This is not the law." 244 Ga. 32-33.

In a 1988 decision, the Louisiana Court of Appeals held that an ex-husband was not bound to support his two children, who had attained the age of majority, beyond the scope of the property settlement agreement of the parties. *Hogan v. Hogan*, 534 So. 2d 478 (La. App. 1988), *rev. granted* 536 So. 2d 1226 (La. 1989). Th agreement of the parties required the husband to pay $1,800 per month child support for 12 years, except in the event of substantial financial reverses. 534 So. 2d at 479. The wife sought an increase in support for two children of the parties who had attained the age of majority; the husband sought a decrease in support alleging substantial financial reverses. After considering the financial circumstances of the parties, the trial court denied the claims of both parties. Both appealed. The appellate court reasoned:

"Considering the evidence, we conclude the trial court did not abuse its discretion in denying the claims for increase and reduction of support. Regarding child support we conclude that, while Mr. Hogan is bound by the agreement to pay the items stated therein despite the majority of the two older children, the fact that they are now majors means he is not bound to support them beyond the scope of the agreement.

"Accordingly, Mrs. Hogan is not entitled to seek an increase on behalf of the major children. As for Tammi, the only child still a minor, Mrs. Hogan made insufficient showing that her needs had increased beyond what they were when the *in globo* award was set." 534 So. 2d at 481.

Accordingly, we hold that, where the child support obligations of a parent are extended past the age of majority by an agreement incorporated into the decree of divorce, the trial court has no jurisdiction to modify the periodic support payments after the

child has attained the age of 18. We recognize that parties to a child support agreement may provide for circumstances in which the court's order may be modified, as was done in *Hogan*.

Reversed.