NOT DESIGNATED FOR PUBLICATION

No. 115,518

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of:

MARCIA WILLIAMSON,
*Appellee*,

and

JOHN WILLIAMSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed December 23, 2016. Affirmed.

*Robert E. Myers*, of Columbus, for appellant.

No appearance by appellee.

Before BRUNS, P.J., GREEN, J., and WILLIAM S. WOOLLEY, District Judge, assigned.

*Per Curiam:*  John Williamson entered into a divorce property settlement agreement with Marcia Williamson, part of which included an agreement to pay an equal share of college expenses for the two children of the marriage. John appeals the district court's holding that the court did not have jurisdiction to modify the education expense agreement after one of the children had turned 18. In addition, John contends that the district court should have determined that the education expense agreement was unconscionable and ambiguous and, therefore, the district court should have held that the education expense agreement was unenforceable.

1

The district court correctly determined that the court did not have jurisdiction to modify the education expense agreement after the child reached the age of majority. The issue of the agreement's enforceability was not raised in John's motion to modify. Thus, we affirm.

FACTS AND PROCEEDINGS

On May 25, 2012, John and Marcia were divorced, reserving the issues such as child support and parenting time for a later date. On July 31, 2012, the parties entered a property settlement agreement which was approved by the court and incorporated into the divorce decree. The relevant provision of the property settlement agreement is as follows:

> "The parties agree to equally share all college or post-high school education expenses which include, but are not limited to, tuition, books, room and board, and school fees after all grants and scholarships have been applied for and received. The parties will equally financially support both children during their attendance at any college, university, or post-high school education program."

More than 2 years later, in November 2014, Marcia filed a motion for contempt in the divorce case alleging that John had failed to pay his share of the college expenses for one of the children. Their son was 19 and had to withdraw from the University of Kansas for health reasons. As a result, their son was required to reimburse the university for a Pell Grant. Marcia sought to hold John in contempt for John's failure to pay his share to the university, $715.50 plus a $200 late fee. John responded with a motion to modify sharing of expenses, alleging a material change in circumstances. John's stated reasons in the motion were that he could no longer agree to share the college expenses due to a material change of circumstances related to John's financial resources.

The district court held a hearing on May 26, 2015, on John's motion to modify sharing of expenses. John testified at the hearing that at the time he had agreed to the

2

property settlement agreement, he had expected his son to receive a "full ride" scholarship at a top college. John thought the amount he would have to pay pursuant to the agreement would be minimal. In addition, John did not anticipate he would have to pay for college expenses if a child dropped out of college, which was the case with his son. Finally, John testified that his income was greater now than when he signed the agreement.

At the May 26, 2015, hearing on John's motion to modify, the district court commented about a July 31, 2012, hearing at which the court approved the property settlement agreement. In its comments, the court recalled that there was testimony presented at the motion to approve the July 31, 2012, property settlement agreement. However, the district court judge, in his ruling on John's motion to modify, noted that in looking back at the hearing to approve the settlement agreement, the agreement could be read to mean that it provided that John might have to pay his share of tuition for Harvard or MIT and that there is a big difference between tuition at Harvard, MIT, and Kansas state universities. Because of this, the district court commented that the court probably should not have approved the agreement because it was too open-ended. The court further commented that in July 2012, it would have found that that it was not reasonable and not fair.

However, the district court denied John's motion to modify due to lack of jurisdiction, citing *Morrison v. Morrison*, 14 Kan. App. 2d 56, 60-61, 781 P.2d 745 (1989) (holding "where the child support obligations of a parent are extended past the age of majority by an agreement incorporated into the decree of divorce, the trial court has no jurisdiction to modify the periodic support payments after the child has attained the age of 18").

On October 9, 2015, the district court held a hearing on Marcia's contempt motion. In its opinion denying the motion for contempt, the court stated:  "However, the Court

3

finds that there was enough confusion regarding the educational expenses and who owed who what, and construing the issue of contempt strictly against [Marcia], this Court cannot conclude that [John's] failure to pay the above-referenced indebtedness was deliberate and willful, and the Court finds, therefore, that [John] is not in indirect contempt."

ANALYSIS

*Jurisdiction to modify an agreement to provide for a child's post-majority education expenses*

On appeal, John contends that the district court erred when the court held that the district court does not have jurisdiction, after a child attains the age of 18, to modify an open-ended agreement that provides for payment of all college, university, or post high school education expenses.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015).

In this case, the district court denied the motion to modify, citing *Morrison*, 14 Kan. App. 2d 56. In *Morrison*, the father agreed in a child support order with the mother to pay $250 a month for each of their children until the children reached the age of 22, as long as the children were "pursuing a formal education at a full-time accredited educational institution." 14 Kan. App. 2d at 56. The mother requested an increase in child support for the youngest child, who was 18 years old but had not yet completed her junior year of high school.

This court held that under K.S.A. 1988 Supp. 60-1610(a)(1), "where the child support obligations of a parent are extended past the age of majority by an agreement incorporated into the decree of divorce, the district court has no jurisdiction to modify the

4

periodic support payments after the child has attained the age of 18." 14 Kan. App. 2d at 60-61. The *Morrison* court was construing K.S.A. 1988 Supp. 60-1610, which is now codified without substantial modification at K.S.A. 2015 Supp. 23-3001. 14 Kan. App. 2d at 57. The court in *Morrison* was considering a motion to modify periodic child support payments, while in this case, we are considering a motion to modify an agreement for education expenses. In both cases, the motion to modify was made after the child turned 18.

John contends that there is a distinction in the statute between child support and education expenses for purposes of a motion to modify. He argues that child support is established by periodic payments, whereas the educational expenses could involve both periodic payments, such as rent, and nonperiodic payments such as tuition, dormitory, books, and fees. John further argues that the language of K.S.A. 2015 Supp. 23-3001(b)(1) only provides for an agreement to pay "support" beyond the age of 18. John argues "support" must mean "child support" and does not include "education expenses." If so, he contends that the statute does not limit a modification of an education expense agreement when a child reaches majority. As such, John contends that under K.S.A. 2015 Supp. 23-3001, the court has jurisdiction to modify an education expense agreement after a child reaches majority.

The issue is a matter of statutory interpretation. An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meaning. *Cady v. Schroll*, 298 Kan. 731, 738, 317 P.3d 90 (2014). The legal effect of a written instrument and the consideration of statutory provisions present questions of law that are subject to unlimited review by this court. *Dougan v. Rossville Drainage Dist.,* 270 Kan. 468, 486, 15 P.3d 338 (2000); *Babe Houser Motor Co. v. Tetreault,* 270 Kan. 502, 506, 14 P.3d 1149 (2000).

5

K.S.A. 2015 Supp. 23-3001(a) provides: "In any action under article 27 of chapter 23 of the Kansas Statutes Annotated, and amendments thereto, the court shall make provisions for the *support* and *education* of the *minor* children." (Emphasis added.) K.S.A. 2015 Supp. 23-3001(b)(1) further provides:

"Regardless of the type of custodial arrangement ordered by the court, the court may order the *child support* and *education* expenses to be paid by either or both parents for any child less than 18 years of age, at which age the *support* shall terminate unless:

"(1) The parent or parents agree, by written agreement approved by the court, to pay *support* beyond the time the child reaches 18 years of age." (Emphasis added.)

The legislature chose to use the terms "support," "education," and "child support" distinctly. It is presumed that the legislature intended a different meaning when it used different language in the same connection within a statute. *Boatright v. Kansas Racing Comm'n,* 251 Kan. 240, Syl. ¶ 8, 834 P.2d 368 (1992). The language of the statute is clear: (1) Unless otherwise provided by statute, support shall terminate when a child reaches 18 years of age, and (2) parents may agree, in writing, to pay support beyond the time the child reaches 18. If the legislature had intended the term "support" in this section to mean only "child support" then the legislature could have so provided.

Thus, the term "support" as used in K.S.A. 2015 Supp. 23-3001(b) means both child support expenses and education expenses. Therefore, once a child reaches the age of 18, a district court's order to pay education expenses shall terminate, unless the parents have a written agreement to the contrary. This holding is in accord with the general legislative intent of the statute, which is to get the child through high school. Once the child graduates and has reached majority, that goal has been met. See 2 *Elrod*, Kansas Law & Practice, Kansas Family Law § 14:27 (2015).

In addition, Kansas courts have issued similar holdings regarding education expenses, examining prior versions of Kansas statutes providing for the support of minor

6

children. See *Herzmark v. Herzmark*, 199 Kan. 48, 56-57, 427 P.2d 465 (1967) (court may approve an order directing father to pay into an educational fund as long as father is not ordered to make payments after child reaches majority); *Allison v. Allison*, 188 Kan. 593, Syl. ¶ 5, 363 P.2d 795 (1961) (The statutory authority that allows the court to order payments into an educational trust fund limited that power to the child's minority.); *Ferguson v. Ferguson*, 6 Kan. App. 2d 287, 290-91, 628 P.2d 234 (1981) (If the legislature had intended to extend parental duties to require parents to provide for education for their children who have attained majority, it would have done so.).

The "support" that this court considered in *Morrison* was child support. In *Morrison,* this court held that when the child support obligations of a parent are extended past the age of majority by an agreement incorporated into the decree of divorce, the trial court has no jurisdiction to modify the agreement to make periodic child support payments after the child has attained the age of 18. 14 Kan. App. 2d at 60-61. The language of the statute in *Morrison* is substantially similar to K.S.A. 2015 Supp. 23-3001, and the interpretation we used in *Morrison* would not differ under the facts in this case.

Thus, where the education expense obligations of a parent are extended past the age of majority by an agreement incorporated into the decree of divorce, the trial court has no jurisdiction, once the child has reached majority, to modify the agreement to make education expense payments under K.S.A. 2015 Supp. 23-3001. The exception would be when the parties reserved the power to make a subsequent modification in the agreement or when the parties mutually agreed to a subsequent modification. See *In re Marriage of Patterson*, 22 Kan. App. 2d 522, 531, 920 P.2d 450 (1996); *In re Marriage of Hedrick,* 21 Kan. App. 2d 964, 967, 911 P.2d 192 (1996) (modification of maintenance agreement); *Morrison*, 14 Kan. App. 2d. at 61.

In this case, the court found that the education expense agreement did not include any provision for modification and John has not argued that there was any evidence

7

presented to the contrary. Thus, the district court did not err in ruling that it did not have jurisdiction to modify the education expense agreement.

*Enforceability of the education expense agreement*

John appeals only the district court's ruling on his motion to modify the education expense agreement. John contends that the district court should have determined that the education expense agreement is unenforceable, asserting the agreement is ambiguous or unconscionable. Whether the agreement may be enforced is a different issue than whether the court has jurisdiction to modify an agreement by a motion filed in the divorce.

The district court has jurisdiction to consider enforceability of any agreement. A separation agreement "is subject to the same rules of law applicable to other contracts." *Drummond v. Drummond*, 209 Kan. 86, 91, 495 P.2d 994 (1972). "The fact that a separation agreement is incorporated into a divorce decree does not extinguish those contractual aspects." *In re Marriage of Hudson*, 39 Kan. App. 2d 417, 426, 182 P.3d 25 (2008).

When the district court considered John's motion to modify the education expense agreement, it was not asked to address the agreement's contract enforceability issues. Procedurally, the motion to modify was filed in the divorce case and was filed to be heard separately from any answer to the contempt citation.

John's motion to modify the education expense agreement was based upon the allegations that there was a material change of circumstances and that John no longer agreed to the education expense agreement. John's motion to modify alleged: "[T]here has been a material change of circumstances to modify this agreement that includes, but is not limited to the fact that [John] no longer has the financial resources to share in college expenses beyond the majority of the minor children." Paragraph 3 of the amended motion further alleged: "As a result of the change in financial circumstances of [John],

8

he no longer *agrees* to continue to equally share in unlimited college education expenses." (Emphasis added.).

Although the court commented in the court's ruling on John's amended motion to modify regarding the problems of the court having given approval to the education expense agreement, John's motion did not allege the agreement was unenforceable on the grounds of unreasonableness, ambiguity, or unconscionability of the education expense agreement. The stated purpose of John's motion was to modify the agreement, not have it determined to be unenforceable. As such, it was proper for the district court to consider only the court's jurisdiction to modify. A new legal theory may not be asserted for the first time on appeal. *Wood v. Groh*, 269 Kan. 420, 433-34, 7 P.3d 1163 (2000).

In addition, John's motion to modify was not filed as a motion for relief from judgment or order brought pursuant to K.S.A. 2015 Supp. 60-260(b). A court is not deprived of authority to grant relief from judgment merely because the judgment is a divorce decree incorporating a property settlement agreement. *Richardson v. Richardson*, 3 Kan. App. 2d 610, 612, 599 P.2d 320 (1979); *In re Marriage of Guthrie-Craig*, No. 113,410, 2016 WL 3128692, at *4 (Kan. App. 2016) (unpublished opinion) (district court has authority, pursuant to K.S.A. 60-260[b], to grant relief from a post-minority child support agreement). However, it is important to note that if John had filed his motion under K.S.A. 2015 Supp. 60-260(b), the district court would have been required to consider the timeliness of the motion made over 2 years after the court's initial order. See K.S.A. 2015 Supp. 60-260(c).

Finally, enforceability was not raised nor the reason for the court's decision on Marcia's contempt motion. John was successful in defending against Marcia's contempt motion, which was heard subsequent to the hearing on the amended motion to modify. The district court did not comment on the issues surrounding the substance of the agreement, only noting that there was enough confusion surrounding the educational

9

expenses and "who owed who what" so that the district court found it could not conclude that John's failure to pay was deliberate and willful. John has not appealed the district court's contempt ruling, which was in John's favor. "A party prevailing in the district court typically cannot appeal some aspect of how a favorable ruling or judgment was reached." *Morgan v. State*, No. 109,099, 2014 WL 5609935, at *3 (Kan. App. 2014) (unpublished opinion); see also *Blank v. Chawla*, 234 Kan. 975, Syl. ¶ 2, 678 P.2d 162 (1984) (stating that "[a]ppeals are not for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct errors injuriously affecting the appellant").

The enforceability of the education expense agreement was not raised in John's motion to modify the agreement nor was the issue necessary for the trial court's decision on John's motion to modify. The decision on the motion to modify is the only order presented to us on appeal. An order remanding the case that directs the district court to consider the agreement's enforceability is not warranted.

Affirmed.